PRESENT: All the Justices

ENVIRONMENTAL STAFFING ACQUISITION
CORPORATION

                                        OPINION BY
v.  Record No. 111067          JUSTICE CLEO E. POWELL
                                      April 20, 2012
B & R CONSTRUCTION MANAGEMENT, INC.

      FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                  Kenneth R. Melvin, Judge

     In this appeal, Environmental Staffing Acquisition Corp.

("En-Staff") argues that the trial court erred in sustaining the

demurrer filed by B&R Construction Management, Inc. ("B&R"),

because En-Staff is a contractual and statutory third-party

beneficiary of the contract B&R entered into.  Having determined

that the parties to the contract did not intend to confer any

third-party benefits and that En-Staff only benefits

incidentally from the contract, we will affirm the judgment of

the trial court.

                          BACKGROUND

     On March 25, 2009, Cornerstone Jeffry Wilson, L.L.C. (the

"Developer") contracted with B&R for the demolition and

abatement of a Portsmouth Redevelopment and Housing Authority

("PRHA") facility in the City of Portsmouth (hereafter referred

to as the "PRHA Contract"[1]).  Section 4 of the PRHA Contract

included the following language:

> [B&R] shall provide, at a minimum . . .
> performance and payment bonds in the full amount
> of the Contract Lump Sum and remaining in place
> for the entire term of the agreement, or in lieu
> thereof, letter(s) of credit reasonably
> satisfactory to PRHA and DEVELOPER.

In addition to language regarding the performance and

payment bond, Section 4 included the following language: "All

rights under this Contract Agreement shall be for the benefit of

DEVELOPER and its successors and assigns, including PRHA, as

applicable."  The PRHA Contract also included a "Standard

Addendum to Construction Agreement" (the "Addendum").  Section

2.4 of the Addendum, titled "No Third Party Rights," stated:

> Nothing in the Contract Documents shall be deemed
> to create a joint venture or partnership between
> the PRHA and Developer and [B&R] or and [sic]
> direct or indirect contractual relationship between
> the PRHA and any of the contractors, subcontractors
> or subsubcontractors nor shall anything contained
> in the Contract Documents be deemed to give any
> third party any claim or right of action against
> PRHA or HUD; nor shall anything contained in the
> Contract Documents be deemed to cause Contractor to
> become the agent of PRHA or HUD.

B&R procured a performance and payment bond from Genesis

Capital Corporation ("Genesis"), as required under Section 4 of

the PRHA Contract.  Additionally, B&R subcontracted some of the

---

[1] Although PRHA is not a party to the PRHA Contract, the PRHA Contract directly relates to an underlying contract between PRHA and the Developer.

demolition work to Beamon Enterprises, Inc. ("Beamon"). Beamon, in turn, subcontracted with En-Staff to provide labor for asbestos abatement.

At some point thereafter, Beamon failed to pay En-Staff for much of the work performed. On August 17, 2009, En-Staff notified B&R that it would be filing a claim on the performance and payment bond. En-Staff then learned that Genesis was not authorized to provide insurance or bonding in Virginia and was no longer in business.

En-Staff subsequently filed a complaint against B&R seeking the amount it was owed under its contract with Beamon. In its amended complaint, En-Staff claimed that B&R had breached the PRHA Contract because Genesis was insolvent and had not been authorized to do business in Virginia. En-Staff asserted that it had standing to bring the breach of contract claim against B&R as a third-party beneficiary of the PRHA Contract based on the plain language of the contract and Code § 2.2-4337.

B&R filed a demurrer disputing En-Staff's status as a third-party beneficiary. Finding that there was no evidence that the parties to the PRHA Contract intended to make En-Staff a third party beneficiary and that the PRHA Contract contained plain and unambiguous provisions denying and disclaiming any third party claims, the circuit court sustained B&R's demurrer and dismissed En-Staff's claims against B&R with prejudice.

3

En-Staff appeals.

## ANALYSIS

In this appeal, En-Staff raises the following assignments of error:

1. The trial court misinterpreted Virginia law by failing to hold that Va. Code § 2.2-4337(B) requires that Environmental Staffing Acquisition Corporation is a third party beneficiary of the contract between PRHA and B&R Construction Management, Inc.

2. The trial court erred when it held that the provisions of the PRHA/B&R Construction Management contract requiring a payment bond did not make Environmental Staffing Acquisition Corporation an intended third party beneficiary.

3. The trial court erred when it determined that language limiting third party action against PRHA or HUD precludes third party action against B&R Construction Management, Inc.

4. The trial court erred when it sustained Appellee's Demurrer and dismissed Count III of the Amended Complaint.

Rule 5:17(c)(1)(iii) requires that assignments of error "address the findings or rulings in the trial court or other tribunal from which an appeal is taken." This is because "[t]he purpose of assignments of error is to point out the errors . . . on which [an] appellant intends to ask a reversal of the judgment, and to limit discussion to these points." Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995).

We note that En-Staff's first and second assignments of error reference a contract between PRHA and B&R. The contract

4

at issue in this case was between the Developer and B&R.  As these assignments of error fail to accurately address the facts of the trial below, they must be deemed insufficient.  See Rule 5:17(c)(1)(iii).

En-Staff's third assignment of error addresses the trial court's interpretation of specific language limiting third-party action against PRHA or HUD.  En-Staff correctly points out that the trial court misinterpreted Section 2.4 of the Addendum as limiting the rights against B&R.  The plain language of this section establishes that it only limits a "claim or right of action against PRHA or HUD."  Having determined the trial court misinterpreted the limiting language of the PRHA contract, we must address whether the trial court's error was harmless.

En-Staff argues that the trial court erred in finding that En-Staff was not an intended third-party beneficiary of the PRHA Contract.  "It is well established in this Commonwealth that under certain circumstances, a party may sue to enforce the terms of a contract even though he is not a party to the contract."  Levine v. Selective Ins. Co. of Am., 250 Va. 282, 285, 462 S.E.2d 81, 83 (1995); see also Code § 55-22.[2]  "The

---

[2] Code § 55-22 states, in relevant part:
[I]f a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own

5

essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third party but one of the parties to the agreement fails to uphold his portion of the bargain." Copenhaver v. Rogers, 238 Va. 361, 367, 384 S.E.2d 593, 596 (1989). "[W]hether a contract [is] intended for the benefit of a third person [is] generally regarded as [an issue] of construction and . . . the intention of the parties is determined by the terms of the contract as a whole." Valley Landscape Co. v. Rolland, 218 Va. 257, 261, 237 S.E.2d 120, 123 (1977).

It is readily apparent that the bond provision in this case benefits En-Staff and other subcontractors. The dispositive question before this Court, however, is whether En-Staff was an intended beneficiary under the contract. We have recognized a specific limitation to the third-party beneficiary doctrine in that "the third party must show that the contracting parties clearly and definitely intended that the contract confer a benefit upon him." Collins v. First Union Nat'l Bank, 272 Va. 744, 751, 636 S.E.2d 442, 446-47 (2006).

> "It would be difficult to imagine a more unequivocal mode of negativing any . . . intention to benefit third parties than an

---

> name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise.

express stipulation in the instrument to the effect that it is for the sole benefit of the obligee named therein."

Century Indem. Co. v. Esso Standard Oil Co., 195 Va. 502, 509, 79 S.E.2d 625, 629 (1954) (quoting R.T. Kimbrough, Annotation, Right of Person Furnishing Material or Labor to Maintain Action on Contractor's Bond to Owner or Public Body, 77 A.L.R. 21 (1932)).

The trial court found that the PRHA Contract contained two provisions that "counsel against the conclusion that En-Staff was an intended third party beneficiary." We have already addressed the fact that the trial court misinterpreted one of these two provisions, Section 2.4 of the Addendum. The second of these provisions, Section 4 of the PRHA Contract, states: "All rights under this Contract Agreement shall be for the benefit of DEVELOPER and its successors and assigns, including PRHA, as applicable."

> When the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning. Words that the parties used are normally given their usual, ordinary, and popular meaning. No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly.

PMA Capital Ins. Co. v. US Airways, Inc., 271 Va. 352, 358, 626 S.E.2d 369, 372-73 (2006) (internal quotation marks and citations omitted).

7

The plain language of the PRHA Contract establishes that the parties to the contract did not intend to confer any rights upon a third party.  Section 4 of the PRHA Contract is an express stipulation that identifies the only beneficiaries to any rights created under the contract: the Developer and its successors or assigns.  Thus, En-Staff cannot claim that it has a right of action under the PRHA Contract.  See Van Dam v. Gay, 280 Va. 457, 460, 699 S.E.2d 480, 481 (2010) ("[A] right of action is a remedial right to presently enforce an existing cause of action." (emphasis in original)).  As En-Staff cannot point to any clear and definitive language in the contract demonstrating a contrary intent, En-Staff cannot demonstrate it is a third-party beneficiary of the PRHA Contract.

Moreover, recognizing that Code § 2.2-4337 is incorporated into the PRHA Contract by operation of law,[3] such incorporation does not create a third-party beneficiary relationship between En-Staff and the parties to the contract.  As previously explained, the parties' stated intent is to preclude any third-party action on the PRHA Contract.  Mere incorporation of statutory language cannot override the express intent of the

---

[3] See Maxey v. American Casualty Co., 180 Va. 285, 290, 23 S.E.2d 221, 223 (1942) ("A pertinent statute is as much a part of the contract as if it were incorporated in it").

parties.[4]  See White v. Boundary Ass'n, Inc., 271 Va. 50, 55, 624

S.E.2d 5, 8 (2006) ("[W]e determine the intent of the parties

from the words they actually expressed." (emphasis added)).

Assuming, arguendo, that Section 4 does not act as an

express stipulation identifying the only beneficiaries to the

PRHA Contract, En-Staff nonetheless has no basis under the

operative provisions to allege that it is an intended

beneficiary of the contract.  We have recognized that "a person

---

[4] That is not to say, however, that En-Staff is left without options.  We have recognized that "the intent of [Code § 2.2-4337] is to protect those who furnish supplies, material and labor in and about the construction of the public buildings and improvements mentioned in the act, whether they be furnished to the principal contractor or to a subcontractor."  Thomas Somerville Co. v. Broyhill, 200 Va. 358, 363, 105 S.E.2d 824, 828 (1958).  The fact that the General Assembly intended to protect subcontractors, however, does not, without more, make them third-party beneficiaries to the underlying contract.  Indeed, when Code § 2.2-4337 is considered in conjunction with its established enforcement mechanism, Code § 2.2-4341, it is clear that the General Assembly only intended for subcontractors to become third-party beneficiaries to the payment bond mandated by Code § 2.2-4337.
While En-Staff is not a third-party beneficiary to the PRHA contract, they are a third-party beneficiary to the bond required under Code § 2.2-4337.  Furthermore, it is worth noting that the performance and payment bond B&R entered into with Genesis specifically states that B&R, as principal, and Genesis, as surety, are jointly and severally liable under the bond.
In its initial complaint, En-Staff brought an action on the bond pursuant to Code § 2.2-4341 against both Genesis and B&R.  Upon discovering that Genesis was insolvent and not authorized to do business in Virginia, En-Staff moved to amend its complaint.  In the amended complaint, En-Staff specifically removed any mention of B&R from the action on the bond pursuant to Code § 2.2-4341.  Thus, while En-Staff could have brought an action on the performance and payment bond against B&R, it chose not to.

9

who benefits only incidentally from a contract between others cannot sue thereon." Copenhaver, 238 Va. at 367, 384 S.E.2d at 596.

> "[T]he controlling principle of law here involved is that one not a party to a contract can sue for a breach thereof only when the condition which is alleged to have been broken was placed in the contract for his direct benefit. A mere incidental beneficiary acquires by virtue of the contractual obligation no right against the promisor or the promisee."

Valley Landscape Co., 218 Va. at 262, 237 S.E.2d at 123 (quoting Engle Acoustic & Tile, Inc. v. Grenfell, 223 So. 2d 613, 620 (Miss. 1969)). Furthermore, " 'a third person cannot maintain an action upon a contract merely because he would receive a benefit from its performance or because he is injured by a breach thereof.' " Id. at 262, 237 S.E.2d at 123-24 (quoting Engle Acoustic & Tile, 223 So. 2d at 620). In an analogous context we have noted the "critical difference" between merely being a person or entity that will benefit from an agreement between other parties, and the very different situation in which a contract is entered into with the express purpose of conferring a benefit on a third party. See generally Copenhaver, 238 Va. at 368-69, 384 S.E.2d at 597.

Here, En-Staff potentially derives a benefit from the bond required under the PRHA Contract; it derives no direct benefit from the PRHA Contract itself. Thus, En-Staff is merely an

10

incidental beneficiary, and, as such, cannot maintain an action as a third-party beneficiary of the PRHA Contract.

CONCLUSION

Although the trial court erred in finding that the language of Section 2.4 of the Addendum precluded third-party action against B&R, such error is harmless.  The plain language of the PRHA Contract establishes that it was for the benefit of the Developer and its successors and assigns.  Furthermore, En-Staff only benefits incidentally from the PRHA Contract.  Accordingly, En-Staff is not a third-party beneficiary of the PRHA Contract. Therefore, we will affirm the decision of the trial court.

Affirmed.

11