# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **14th** *day of* **August, 2012**.

Zarek Jamar Coleman, Appellant,

against         Record No. 0469-11-1
                   Circuit Court Nos. CR09001359-00 and CR09001359-01

Commonwealth of Virginia, Appellee.

From the Circuit Court of the City of Norfolk

Before Judges Elder, Humphreys and Petty

Zarek Jamar Coleman (appellant) appeals from his convictions for burglary and grand larceny, entered on his conditional pleas of guilty.

In the trial court, appellant moved to suppress, contending the stop and search of the vehicle he was driving were without probable cause. The trial court ruled that the stop and detention were lawful, that probable cause existed to search the passenger compartment, and that appellant consented to a search of the vehicle's trunk. The trial court concluded further that appellant lacked standing to contest the search of a wallet[1] found in the trunk of the car because he failed to establish an expectation of privacy in it – he provided no explanation as to how it came to be in the trunk and the evidence established it had been stolen in a burglary that occurred four days prior to the stop.

Following his entry of conditional pleas of guilty to the charged offenses, appellant filed a petition for appeal, in which he included a single assignment of error phrased as follows:

> The trial judge erred in failing to suppress the evidence seized as a result
> of the stop of the Defendant's vehicle because the the [sic] police officer's
> observations did not provide probable cause to suspect the wallet seized

---

[1] The trial court referred to the item as a "purse" in its letter opinion denying the motion to suppress, but it used the terms "purse" and "wallet" interchangeably at the hearing on the motion to suppress, and the record makes clear the "blue lady's wallet" found in the trunk and the "purse" to which the trial court referred were one and the same.

> from the trunk of the vehicle was evidence or fruits of a crime justifying its seizure.

Although not included in the assignment of error, the argument section of the petition also challenged the trial court's ruling that appellant lacked standing to challenge the basis for the stop.

This Court granted the appeal on the above assignment of error and directed that the parties, in addition,

> should address whether the petition for appeal should be dismissed under Rule 5A:12 on the basis that the error assigned in the petition for appeal – that the police officer lacked probable cause to seize the wallet found in plain view in a consensual search of appellant's car – is not the same one ruled on by the trial court at trial – that appellant lacked standing to contest the officer's seizure of the wallet.

Thereafter, the parties briefed and presented oral argument on these issues. Appellant once again included argument challenging the trial court's ruling that he lacked standing.

We now conclude dismissal is mandated by Rule 5A:12(c)(1), which provides that "the petition shall list . . . the specific errors in the rulings below upon which the party intends to rely" and that "[a]n assignment of error which does not address the findings or rulings in the trial court . . . is not sufficient." Cf. Envtl. Staffing Acquisition Corp. v. B & R Constr. Mgmt., Inc., 283 Va. 787, 792, 725 S.E.2d 550, 553 (2012) (noting the purpose of similar "assignment of error" language in Rule 5:17(c)(1)(iii), applicable to appeals to the Supreme Court, is to require a party "'to point out the errors . . . on which [an] appellant intends to ask reversal of the judgment[] and to limit discussion to these points'" (quoting Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995)). Rule 5A:12(c)(1) further provides that "[i]f the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed."

As the Supreme Court recently held when interpreting its almost identical Rule 5:17, "By prescribing dismissal of the appeal, this [rule] establish[es] the inclusion of sufficient assignments of error is a mandatory procedural requirement and that *the failure to comply with this requirement*

*deprives this Court of its active jurisdiction to consider the appeal*." Davis v. Commonwealth, 282 Va. 339, 339-40, 717 S.E.2d 796, 796-97 (2011) (emphasis added) (citing Smith v. Commonwealth, 281 Va. 464, 467-68, 706 S.E.2d 889, 891-92 (2011); Jay v. Commonwealth, 275 Va. 510, 518-19, 659 S.E.2d 311, 315-16 (2008)). Davis involved a failure of the appellant in that case to assign error to a ruling of the Court of Appeals. Id. at 339, 717 S.E.2d at 796. Davis, in his appeal to the Court of Appeals, had contended the trial court erred in accepting his guilty plea. Id. This Court "denied [his] appeal because a guilty plea waives any non-jurisdictional defects in the proceedings and Davis did not raise any jurisdictional defect in his appeal." Id. On appeal to the Supreme Court, "Davis again assign[ed] as error *the trial court's* acceptance of his guilty plea but [did] not assign error to *the Court of Appeals'* holding that his guilty plea waived non-jurisdictional defects." Id. (emphases added). Because Davis failed to comply with Rule 5:17(c)(1)(iii), which states "this Court will consider 'only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals,'" the Supreme Court held Davis's assignment of error was insufficient and that dismissal was required. Id. at 339-40, 717 S.E.2d at 796-97.

Similarly here, appellant failed to include an assignment of error challenging the trial court's ruling that he lacked standing to contest the search of the wallet found in the trunk. Because appellant's sole assignment of error "does not address the findings or rulings in the trial court," it is "insufficient" under Rule 5A:12(c)(1)(ii), and "the petition for appeal shall be dismissed."

Because we are powerless to do otherwise, we vacate the order granting the petition and dismiss this appeal based on our lack of "active jurisdiction to consider [it]," Davis, 282 Va. at 339, 717 S.E.2d at 796-97.

The Commonwealth shall recover of the appellant the costs in the trial court.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk