COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

JOEY DEMERAL JERNIGAN

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2245-11-1          JUDGE JEAN HARRISON CLEMENTS
                                        OCTOBER 9, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Patricia L. West, Judge

Taite A. Westendorf, Assistant Public Defender, for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Joey Demeral Jernigan appeals his convictions for bigamy and perjury.  Jernigan argues that

the trial court erred in admitting the purported certified copy of marriage record from the State of

Ohio because it was not a true copy as defined in Code § 8.01-391(B) or Code § 8.01-390(A).  For

the following reasons, we vacate the order granting the petition and dismiss the appeal.

BACKGROUND

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

On September 3, 2001, Jernigan married Allanda Armsted-Jernigan in Cleveland, Ohio. They separated on August 9, 2004. They discussed the possibility of a divorce, but never completed any paperwork.

On July 14, 2008, Jernigan married Chantilla Becton in Virginia Beach. Becton and Jernigan completed a marriage license application. Jernigan reported that this was his first marriage.

On August 22, 2008, Armsted-Jernigan received divorce paperwork from Jernigan. Armsted-Jernigan learned about Jernigan's marriage to Becton and confronted him.

After her marriage to Jernigan, Becton learned about his prior marriage and found his Ohio marriage application online. Becton confronted Jernigan, who at first denied it but later admitted to being married to Armsted-Jernigan. Becton and Jernigan separated.

In November 2010, Becton reported the situation to police. Detective Russell Simpson questioned Jernigan about the marriages. Jernigan admitted to Simpson that he lied on the marriage application in Virginia Beach and said that he married Becton even though he knew he was still married because he "just thought it [his marriage to Armsted-Jernigan] would be over."[1]

Jernigan was charged with bigamy and perjury. On June 20, 2011, the trial court found him guilty and subsequently sentenced him to three years in prison, with all three years suspended, on the bigamy charge, and two years in prison, with all two years suspended, on the perjury charge. This appeal followed.

---

[1] Jernigan and Armsted-Jernigan were officially divorced on January 6, 2011.

ANALYSIS

Jernigan argues that the trial court erred in admitting a copy of the Ohio marriage record because he contends it was not a true copy as defined by Code § 8.01-391(B) or Code § 8.01-390(A).

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citation omitted).

During the trial, the Commonwealth sought to admit a document titled, "Certified Copy of Marriage Record." The document was attested to by Anthony J. Russo, Judge of the Probate Court in Cuyahoga County, Ohio, and signed by Wanda D. Allen Ruffin, deputy clerk. Jernigan objected to the document and argued that it did not comply with Code § 8.01-391(B), which states:

> If any department, division, institution, agency, board, or commission of this Commonwealth, of another state or country, or of the United States, or of any political subdivision or agency of the same, acting pursuant to the law of the respective jurisdiction or other proper authority, has copied any record made in the performance of its official duties, such copy shall be as admissible into evidence as the original, whether the original is in existence or not, provided that such copy is authenticated as a true copy either by the custodian of said record or by the person to whom said custodian reports, if they are different, and is accompanied by a certificate that such person does in fact have the custody.

Jernigan asserted that the document was not properly authenticated because the document did not establish that Anthony Russo or Wanda Ruffin were the custodians of the original document or that they had the original document in their custody.

However, the trial court did not admit the document into evidence pursuant to Code § 8.01-391(B). The trial court held that Code § 8.01-391 did not apply to the document. The trial court noted that the title of Code § 8.01-391 concerns "Copies of originals as evidence," but

- 3 -

the document offered by the Commonwealth was "not a copy of anything.  It's a newly generated document attest – from the probate court."  Since the trial court did not admit the document pursuant to Code § 8.01-391(B), Jernigan's assignment of error was insufficient and did not address an error of the trial court, so we will not consider his argument.  See Rule 5A:12(c)(1)(ii) (an insufficient assignment of error is one "which does not address the findings or rulings in the trial court").

Jernigan next argues that the document should not have been admitted pursuant to Code § 8.01-390(A), which states:

> Copies of records of this Commonwealth, of another state, of the United States, of another country, or of any political subdivision or agency of the same, other than those located in a clerk's office of a court, shall be received as prima facie evidence provided that such copies are authenticated to be true copies either by the custodian thereof or by the person to whom the custodian reports, if they are different.

Jernigan did not raise this argument with the trial court.  We "will not consider an argument on appeal which was not presented to the trial court," Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998), nor an assignment of error that did not address an error of the trial court, Rule 5A:12(c)(1)(ii).

## CONCLUSION

For the foregoing reasons, the order granting the petition is vacated, and the appeal is dismissed.  Coleman v. Commonwealth, 60 Va. App. 618, 731 S.E.2d 22 (2012).

Dismissed.

- 4 -