COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Alston and Senior Judge Bumgardner
Argued by teleconference


MURRAE FONCHE MACK

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1584-11-1                      JUDGE ROBERT P. FRANK
                                                    NOVEMBER 6, 2012

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                     E. Preston Grissom, Judge Designate

         Murrae Fonche Mack, *pro se*.

         Donald E. Jeffrey, III, Senior Assistant Attorney General
         (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


         Murrae Fonche Mack, appellant, was convicted in a bench trial of one count of possession

with intent to distribute marijuana, in violation of Code § 18.2-248.1, one count of possession with

intent to distribute ecstasy, in violation of Code § 18.2-248, and one count of simple possession of

cocaine, in violation of Code § 18.2-250.  On appeal, he assigns a number of errors, regarding the

admission of evidence, credibility of witnesses, and sufficiency of the evidence.[1]  For the reasons

stated, we dismiss the appeal.

                                      BACKGROUND

         Because of the procedural resolution of this appeal, the underlying facts of the case are not

relevant to our analysis.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On October 11, 2012, appellant filed three additional motions:  1) to continue oral
argument; 2) for an extension of time to file a reply brief; and 3) for the appointment of counsel
or a legal advisor.  We do not address these motions, as they were denied by separate orders.

ANALYSIS

In his opening brief, appellant lists the following eight assignments of error[2]:

The evidence which should be stricken consist of:

I.      The admission of the certificate of analysis into evidence, dated Oct. 21, 2009, when an objection was timely filed.

II.     The SWAT Officer Hills testimony of the Defendant location and position on the couch.

III.    The SWAT Officer Hills testimony of the Defendants' clothing.

IV.     The SWAT Officer Hills testimony on where the child's playpurse and child's backpack was originally located.

V.      The staged photograph of the childs playpurse and the childs backpack by (Sgt. Sawyer) the investigator.

VI.     The bank statement belonging to the Defendant being used to establish him as a co-tenant or something more than a guest and used to tie the defendant to something illegal.

VII.    The proximity between the Defendant and child backpack as well as the childs playpurse being used to establish awareness of the contents and dominion and control.

VIII.   The drug expert's testimony (Kiley S. Roberts) in regards to the drugs being inconsistent with personal use.

These assignments of error appear to address issues of sufficiency, witness credibility, and the admissibility of evidence. However, appellant listed only one assignment of error in his petition

------

[2] We recite the assignments of error, including grammatical errors, verbatim from appellant's opening brief.

for appeal, which this Court granted. The Rules of the Court of Appeals of Virginia prohibit an appellant from adding assignments of error between the petition stage and the briefing stage. Rule 5A:12(c)(1)(i) provides that "[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court. If the petition for appeal does not contain assignments of error, it shall be dismissed." See also Dowdy v. Commonwealth, 278 Va. 577, 590 n.14, 686 S.E.2d 710, 717 n.14 (2009) (noting that it is improper for an appellant to substantively alter an assignment of error from that stated in his petition for appeal). Under the Rules, this Court may not consider any issues that were not noted in appellant's petition for appeal. Therefore, we may only address the assignment of error which *was* contained in the petition.

That assignment of error was, in its entirety: "The trial court erred in denying the defendant's motion to strike where the verdict is plainly wrong and without evidence to support it." This assignment of error is inadequate and is in violation of Rule 5A:12(c)(1)(ii), which addresses insufficient assignments of error, stating:

> An assignment of error which does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence is not sufficient. If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed.

In his brief, appellant asks us to apply the ends of justice exception of Rule 5A:18 to the new assignments of error contained in his opening brief. However, that exception exists within the parameters of Rule 5A:18, but not within the parameters of Rule 5A:12, a distinction we have repeatedly noted. See McDowell v. Commonwealth, 57 Va. App. 308, 318-19, 701 S.E.2d 820, 825 (2010) ("[U]nlike Rule 5A:18, Rule 5A:12 contains no 'good cause' or 'ends of justice' exception."). An assignment of error that does not point to a specific error of the trial court is not cognizable on appeal. See Coleman v. Commonwealth, 60 Va. App. 618, 620, 731 S.E.2d

22, 23 (2012) ("We now conclude dismissal is mandated by Rule 5A:12(c)(1), which provides that 'the petition shall list . . . the specific errors in the rulings below upon which the party intends to rely' and that '[a]n assignment of error which does not address the findings or rulings in the trial court . . . is not sufficient.'" (quoting Cf. Envtl. Staffing Acquisition Corp. v. B & R Constr. Mgmt., Inc., 283 Va. 787, 792, 725 S.E.2d 550, 553 (2012))).

We are mindful that "[e]ven pro se litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) (citing Diamond v. Diamond, 20 Va. App. 481, 458 S.E.2d 303 (1995)). While appellant is entitled to represent himself on appeal, his pleadings must be held to the same standard as if he were represented by counsel. The Supreme Court said in Faretta v. California, 422 U.S. 806, 834-35 n.46 (1975), that "[t]he right of self-representation is not a license . . . not to comply with the relevant rules of procedural and substantive law."

Because the assignments of error in appellant's opening brief were not contained in his petition for appeal, we are precluded by Rule 5A:12(c)(1)(i) from considering those assignments of error. Further, the single assignment of error noted in his petition for appeal is inadequate and does not comply with Rule 5A:12(c)(1)(ii). Likewise, we may not address that assignment of error. As such, there remains nothing properly before this Court for appellate consideration. Therefore, we decline to address the merits of appellant's argument.

CONCLUSION

Appellant failed to properly note an assignment of error cognizable before this Court. Therefore, there is nothing for us to decide, and we dismiss the appeal.

Dismissed.