# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judge Humphreys and Senior Judge Annunziata
Argued by teleconference


LATOYA NICOLE CARTER

MEMORANDUM OPINION[*] BY
v.       Record No. 1559-19-3        CHIEF JUDGE MARLA GRAFF DECKER
AUGUST 18, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Morgan W. Hollister, Assistant Public Defender, for appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Latoya Nicole Carter appeals her conviction for assault and battery of a law enforcement

officer in violation of Code § 18.2-57(C). On appeal, she contends that the trial court erred when it

"ruled that [she] could only raise the issue of the legality of her arrest by a motion to suppress." We

hold that this assignment of error does not challenge an actual ruling of the trial court and, therefore,

this issue is barred. The appellant also contends that the evidence was insufficient to support her

conviction. She argues that she was legally justified in resisting the officer because he was a

trespasser whom she was attempting to expel from her home. We hold that this argument fails

because she did not order him from her home before committing an assault and battery.

Additionally, based on the circumstances, the appellant was not justified in resisting the officer,

who was acting within the scope of his public duties. Accordingly, we affirm the conviction.

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND[1]

On January 24, 2018, Officer S.C. Reed of the City of Lynchburg Police Department responded to a call for service at the appellant's home.  When the officer arrived in the area, he parked his police car up the street from the house.  As soon as he got out of his car he heard screaming and yelling coming from the appellant's home.  The entire incident was captured by the officer's body camera, and the relevant footage was played for the trier of fact and admitted into evidence.

When Officer Reed approached the house, he saw two individuals on the front porch and the appellant standing in the doorway of the residence yelling at them.  As he neared the house one of the people on the porch, Deshawn Penicks, told Reed that he had lived at the residence for "more than thirty days" and wanted to get "[his] stuff."  At the same time, the appellant said Penicks had "put his hands on [her]" and "need[ed] to go."  The officer first approached Penicks, who was "a lot calmer" than the appellant.  As the officer attempted to speak with Penicks, the appellant continued to yell at them.  Officer Reed instructed the appellant to "stop talking," but she refused.  The appellant, who was just inside the house, attempted to shut the door.  The officer said that he was going to "talk to one person at a time" and prevented the appellant from closing the door by placing his foot over the threshold.   He then told the appellant that they were "not done," indicating that that he was still investigating the matter.  The appellant replied, "I don't give a fuck if you're not done or not, bye."

The appellant continued to argue with Penicks and the other people on the porch as Officer Reed approached her.  She was still just inside the house with the front door partially

---

[1] In accordance with familiar principles of appellate review, we recite the facts in the light most favorable to the Commonwealth, as the prevailing party at trial.  See Anaman v. Commonwealth, 64 Va. App. 379, 383 (2015).

open.  She continued to shout at the officer and again attempted to shut the door on him at least two more times.

Officer Reed pushed through the door and told the appellant not to slam the door on him.  The appellant then "got into [Reed's] face" and screamed at him.  Reed attempted to handcuff the appellant, but she resisted and began "fighting against [him]."  While the officer tried to get the appellant under control so that he could continue to investigate the incident, she elbowed him three times and hit him in the chest and arm.

At the appellant's bench trial, the court found that she committed an assault and battery against a law enforcement officer.  The court imposed a sentence of two years, suspending one year and six months.

The appellant filed a motion to set aside the verdict, and the court held a hearing on the motion.  She argued that the evidence was insufficient to find her guilty of assault and battery of a law enforcement officer.  She asserted that once Officer Reed placed his foot inside the doorway, he was trespassing in her home and her act of shutting the door on his foot was "reasonable force to expel a trespasser."  She also maintained that "she was within her legal rights to resist an unlawful detention or arrest."

The trial court disagreed.  It specifically noted that "*if it's* an unlawful detention, then the proper way of dealing with *that* is a motion to suppress."  (Emphases added).  The court concluded that the evidence was sufficient to prove assault and battery because the appellant "slammed the door up against [the officer's] foot multiple times to keep him from entering."  It noted that "even if [Officer Reed] was illegally detaining her" she still "assault[ed] and batter[ed]" him.  Consequently, the court denied the motion to set aside the conviction for assault and battery of a law enforcement officer.

## II. ANALYSIS

The appellant raises two assignments of error. She argues that the trial court erred when it ruled that she could only challenge the legality of her arrest through a motion to suppress. She also contends that the evidence was insufficient to prove that she committed an assault and battery of a law enforcement officer.

### A. Challenge to the Legality of the Purported Arrest

The appellant's first assignment of error is: "The trial court erred in ruling that [the appellant] could only raise the issue of the legality of her arrest by a motion to suppress." She contends that the trial court committed a procedural error by ruling that she was required to raise this claim in a motion to suppress.

Rule 5A:12(c)(1)(ii) requires that the appellant present "[a]n assignment of error which . . . address[es] the findings, rulings, or failures to rule" of the "trial court . . . from which an appeal is taken." See Coleman v. Commonwealth, 60 Va. App. 618, 621 (2012) (dismissing the appeal because the assignment of error did not challenge a finding or ruling of the trial court); see also Parker v. Carilion Clinic, 296 Va. 319, 332 (2018) (dismissing an assignment of error under Rule 5:17(c)(1)(iii), the corollary to the Court of Appeals rule, for failure of the appellant to address in the assignment of error an actual ruling of the circuit court). It is also well established that this Court is "limited to reviewing the assignments of error presented by the litigant" and cannot "consider issues touched upon by the appellant's argument but not encompassed by h[er] assignment of error." Banks v. Commonwealth, 67 Va. App. 273, 289-90 (2017).

Here, the trial court ruled that "the proper way of dealing with [an *unlawful detention*] is a motion to suppress." (Emphasis added). The court explained that the issue would be barred "even if [the officer] was *illegally detaining* [the appellant]" because the potential problem with

- 4 -

the detention was how the officer "enter[ed]" the appellant's property and the appellant had not raised that issue in a motion to suppress.[2] (Emphasis added). Further, the court nevertheless specifically discussed the possible unlawful detention that occurred in the appellant's case and was silent regarding a possible illegal arrest.[3] Significantly, the trial court did not rule that the appellant could raise the legality of her *arrest* only in a motion to suppress.

The actual specific ruling of the court addressed only the appellant's choice to forego a motion to suppress evidence obtained pursuant to the officer's alleged improper entry into her home. The court did not rule that the appellant "could only raise the issue of the legality of her *arrest* by a motion to suppress." Notably, arrests and detentions are very different concepts. See Commonwealth v. Hill, 264 Va. 541, 547 (2002) ("In our present justice system, the different consequences that attend an arrest and an investigative detention are manifest."). Each is a distinct legal term of art.[4] While we recognize that the trial court's ruling in this case may be considered closely related to the purported ruling challenged by the appellant, we cannot reframe her assignment of error to bring the court's actual ruling within our purview. See Banks, 67

---

[2] The court went on to explain that regardless of what side of the door the appellant was on, she had "assault[ed]" the officer when he had "attempt[ed] to *detain* her." (Emphasis added).

[3] When the court explained its decision to find the appellant guilty it focused on the appellant's efforts to resist a "temporary detention." However, the trial court also commented that the appellant's actions were unjustified with regard to a *legal* arrest. It explained that the appellant's resistance was not justified "even [in] an arrest" because that "arrest [was] for disorderly conduct in the manner in which [the appellant] w[as] conducting [her]self." The explanation suggests that the court fully understood and considered the appellant's defense that she was resisting an illegal arrest, and simply rejected it because it found that even if Officer Reed's actions amounted to an arrest it was supported by probable cause.

[4] The Supreme Court explained in Hill that a detention is a "brief intrusion on an individual's liberty" and that "the provocation resulting from an illegal detention is far less significant than the provocation that attends an illegal arrest." 264 Va. at 548. Therefore, the Court reasoned that a "recognition of a right to resist an unlawful detention would not advance the rationale supporting the common law right to use reasonable force to resist an unlawful arrest, but would only serve to increase the danger of violence inherent in such detentions." Id.

- 5 -

Va. App. at 289-90 (noting that an appellate court is "limited to reviewing the assignments of error presented by the litigant" and cannot "consider issues touched upon by the appellant's argument but not encompassed by h[er] assignment of error"). Accordingly, we do not reach the merits of the appellant's first assignment of error. See Rule 5A:12(c)(1)(ii); Coleman, 60 Va. App. at 621.

## B. Sufficiency of the Evidence

The appellant challenges the sufficiency of the evidence supporting her conviction for assault and battery of a law enforcement officer. She suggests three bases in support of her challenge. First, the appellant argues that her physical acts of violence toward the officer were defensible because she was using reasonable force to expel a trespasser. Second, she maintains that because Reed was not acting within the scope of his law enforcement duties at the time, she could not be guilty of assault and battery of a law enforcement officer. Third, she suggests that she was justified in striking the officer because she was resisting an illegal arrest.[5]

When reviewing a challenge to the sufficiency of the evidence, the judgment of the trial court is presumed correct, and it will be set aside only if it "is plainly wrong or without evidence to support it." Code § 8.01-680; Pijor v. Commonwealth, 294 Va. 502, 512 (2017). Given that presumption, this Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193

---

[5] We note that in her reply brief the appellant argues that her interaction with Officer Reed was a consensual encounter at the time that she first slammed his foot in the door. This argument was not raised in the trial court and therefore we do not consider it on appeal. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."); see also Bethea v. Commonwealth, 297 Va. 730, 743 (2019) ("Specificity and timeliness undergird the contemporaneous-objection rule . . . 'so that the trial judge . . . know[s] the particular point being made in time to do something about it.'" (quoting Dickerson v. Commonwealth, 58 Va. App. 351, 356 (2011))).

(2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Jackson, 443 U.S. at 319).

When this Court considers a challenge to the sufficiency of the evidence, we review "the evidence in the light most favorable to the Commonwealth, 'as the prevailing party in the trial court.'"  Kelley v. Commonwealth, 69 Va. App. 617, 624 (2019) (quoting Hamilton v. Commonwealth, 279 Va. 94, 103 (2010)).  Viewing the evidence in this light "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'"  Commonwealth v. Perkins, 295 Va. 323, 323-24 (2018) (quoting Vasquez v. Commonwealth, 291 Va. 232, 236 (2016)).

Further, the appellate court "presume[s]—even in the absence of specific factual findings—that the trial court resolved all factual ambiguities or inconsistencies in the evidence in favor of the prevailing party and gave that party the benefit of all reasonably debatable inferences from the evidence."  Hill v. Commonwealth, 297 Va. 804, 808 (2019); cf. Bowman v. Commonwealth, 290 Va. 492, 500 n.8 (2015) (noting that when an appellate court is "faced with a record of historical facts that supports conflicting inferences" it "must presume" that the trier of fact resolved those conflicts in favor of the prevailing party, and "must defer to that resolution" (quoting Jackson, 443 U.S. at 326)).

The appellant's first argument is that she had a common law right to expel Officer Reed from her home because she alleges that he was not engaged in his public duties and thus was trespassing in her home.  However, the common law right of a landowner to expel a trespasser is contingent on the landowner ordering the trespasser to leave her property.  See Pike v. Commonwealth, 24 Va. App. 373, 375 (1997) (noting the long recognized "right of a landowner

- 7 -

to order a trespasser to leave, and if the trespasser refuses to go, to employ proper force to expel him" (citing Montgomery v. Commonwealth, 99 Va. 833 (1901))).

Regardless of whether Reed acted lawfully when he initially crossed the threshold of appellant's front door to stop her from closing it, she battered him before telling him to leave.[6] Consequently, the appellant's actions could not constitute a legitimate exercise of her common law right" to expel a trespasser, and this argument must fail at its inception.[7]

Second, the appellant contends that Officer Reed was not acting within the scope of his law enforcement duties at the time she assaulted him and therefore she could not be guilty of assault and battery of a law enforcement officer. She notes that "[i]n order for [her] to be convicted of assault and battery of [the officer]," the Commonwealth was required to "prove every element of the offense, including that [the officer] was engaged in the performance of his public duties." See Code § 18.2-57(C); Oulds v. Commonwealth, 260 Va. 210, 214 (2000). We hold that the record shows that the officer was clearly engaged in the performance of his duties at the time of the offense.

Officer Reed was dispatched to the appellant's home based on a 911 call. When the officer arrived at her home, he encountered a disorderly situation involving the appellant, who was just inside her open door, and other people on her front porch. Reed, who immediately witnessed disorderly behavior, also was confronted with two different versions of what preceded the disturbance as he assessed the situation. He attempted to determine whether a crime had

---

[6] Even assuming that the appellant's statement, "I don't give a fuck if you're not done or not, bye," could be construed as an order to leave her property, that declaration was made *after* the appellant had slammed the officer's foot in the door the first time. Further, the appellant made the statement after Officer Reed had communicated that she was not free to leave.

[7] The Commonwealth argues that the appellant's use of force to expel the officer from her home was "unnecessary, disproportionate, and thus patently unreasonable." However, since we hold that the appellant's actions were not a legitimate exercise of her common law right to expel a trespasser, we do not address this argument.

been committed at the appellant's residence and, if so, the nature of the crime. The situation deteriorated during the officer's investigation because of the appellant's unruly and belligerent behavior. Instead of cooperating with the officer, the appellant attempted to shut the door on him and retreat into her home. Reed's effort to prevent the appellant from retreating into her home so that he could investigate the incident was entirely reasonable given the circumstances. See Thomas v. Commonwealth, 16 Va. App. 851, 857 (1993) ("[B]rief, complete deprivations of a suspect's liberty . . . 'do not convert a[n investigative detention] into an arrest so long as the methods of restraint used are reasonable to the circumstances.'" (quoting United States v. Crittendon, 883 F.2d 326, 329 (4th Cir. 1989))), adopted upon reh'g en banc, 18 Va. App. 454, 455 (1994). Based on the facts of this case, we conclude that Officer Reed was acting within the scope of his public duties as he attempted to investigate the basis for the 911 call. See Code § 15.2-1704(A) (providing that the police are "responsible for the prevention and detection of crime, the apprehension of criminals, the safeguard of life and property, the preservation of peace and the enforcement of state and local laws, regulations, and ordinances").

The appellant's third contention is that she had the right to resist an unlawful *arrest*. However, the facts of the case show that the appellant battered Officer Reed by slamming his foot in the door multiple times before he seized her and placed her in handcuffs. Cf. Adams v. Commonwealth, 33 Va. App. 463, 469, 471 (2000) (noting that even a slight touching of another may constitute a battery under the law and holding that the evidence was sufficient to support a conviction of assault and battery of a law enforcement officer where Adams shined a laser pointer at an officer's eye). We hold that the appellant's acts of assault and battery against the officer, meant to facilitate her attempted retreat from him, were efforts to resist an investigative detention, not an arrest. See Hill, 264 Va. at 548. The appellant slammed the door on the

officer's foot, committing a battery while he was attempting to detain her in order to question her about the incident he was dispatched to investigate. See generally Thomas, 16 Va. App. at 857-58 (noting that a detention was not unreasonable where a law enforcement officer "diligently pursued a means of investigation that was likely to confirm or dispel [his] suspicions quickly, during which time it was necessary to detain the defendant" (quoting DePriest v. Commonwealth, 4 Va. App. 577, 587 (1987))). The right to resist an illegal arrest does not extend to an individual who is merely detained. Hill, 264 Va. at 548.[8] Since the appellant was simply detained rather than arrested, any right to resist an unlawful arrest is irrelevant to our analysis.

In this case, the appellant admits to committing physical acts of violence against Officer Reed but claims that her actions were justified. We hold that her proffered theories of innocence are inapplicable in this case. Accordingly, the trial court did not err in finding that the evidence was sufficient to convict her of assault and battery of a law enforcement officer.

III. CONCLUSION

The appellant's first assignment of error fails to challenge an actual ruling made by the court and we do not consider it. In addition, we conclude that the appellant's second assignment of error challenging the sufficiency of the evidence, fails on the merits. The evidence refutes the appellant's argument that she was justified in her attempt to physically expel the officer from her home as an alleged trespasser. Further, the officer was acting within the scope of his law enforcement duties when the appellant assaulted him. Finally, the appellant was not permitted under the law to physically resist the officer's attempt to detain her as he investigated the

---

[8] Even if the detention had been unlawful, which it was not, the appellant had no legal right to resist. See Hill, 264 Va. at 548.

- 10 -

circumstances surrounding the call for service to that location.  Accordingly, the evidence was sufficient and we affirm the conviction for assault and battery against a law enforcement officer.

<u>Affirmed.</u>
