PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Carrico,[1] S.J.

PAUL A. FRIEDLINE

v.  Record No. 021621    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        February 28, 2003
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Herman A. Whisenant, Jr., Judge

    In this appeal, we address issues involving a circuit

court's dismissal of a habeas corpus petition alleging

ineffective assistance of counsel without conducting an

evidentiary hearing or receiving an affidavit from trial

counsel.

    The petitioner, Paul A. Friedline, was indicted for

robbery, in violation of Code § 18.2-58; for "carjacking," in

violation of Code § 18.2-58.1; and for two counts of use of a

firearm in the commission of a felony, in violation of Code

§ 18.2-53.1.  He was convicted of these offenses following a

jury trial.

    Friedline appealed his convictions to the Court of Appeals,

which affirmed the circuit court's judgment in an unpublished

opinion.  Friedline v. Commonwealth, Record No. 0113-99-4 (April

4, 2000).  This Court refused Friedline's petition for appeal.

---

[1] Chief Justice Carrico presided and participated in the
hearing and decision of this case prior to the effective date of
his retirement on January 31, 2003.

Friedline later filed a petition for a writ of habeas corpus in the circuit court.  He asserted that his trial counsel's performance was deficient and caused him substantial prejudice.  Friedline contended, among other things, that trial counsel failed to conduct an adequate voir dire, did not object to evidence of another crime, failed to object to other testimony and evidence, and did not correct the prosecutor's "false argument" at the sentencing proceeding.  Friedline included with his petition two affidavits from local attorneys who stated that trial counsel's performance during voir dire amounted to "ineffective representation" and was "below the standard of competence one finds of the criminal defense bar in the Northern Virginia Area."

The Commonwealth filed a motion to dismiss Friedline's petition.  The motion asserted, among other things, that Friedline failed to sustain his burden under Strickland v. Washington, 466 U.S. 668 (1984), of establishing that trial counsel's performance was deficient and prejudiced the outcome of his trial.  The Commonwealth did not include with its motion an affidavit from trial counsel explaining the disputed decisions made at trial.

Friedline asked the circuit court to grant his petition or, alternatively, to conduct an evidentiary hearing on the issues raised in his petition.  The circuit court declined to hold an

evidentiary hearing and, based on the trial record, dismissed Friedline's petition "for the reasons stated in the [Commonwealth's] motion to dismiss." Friedline appeals.

We will state verbatim Friedline's assignments of error in this appeal:

I. It was error for the lower court to deny the habeas corpus petitioner relief when the trial attorney had not denied his ineffectiveness and the uncontradicted record established prejudicial ineffective representation.

II. It was error for the lower court to ignore this Court's holdings in Mu'Min v. Commonwealth and Frye v. Commonwealth by deciding habeas corpus claims of ineffective representation without having heard from the attorney.

III. It was error for the lower court to presume that a trial attorney's numerous failures during trial were actually the product of informed tactical choices when the attorney has not denied the allegations of uninformed, ineffective representation.

IV. It was error for the lower court to ignore uncontradicted affidavits from experienced local practitioners that trial counsel's conduct fell below the accepted level of competency and to presume, without hearing from trial counsel, that his decisions were informed tactical choices.

V. It was error for the lower court to make an unprecedented new rule of law that there is an irrebuttable presumption that a trial attorney's actions are informed tactical choices.

Friedline argues on appeal that the circuit court erred in dismissing his habeas corpus petition without conducting an evidentiary hearing in the absence of affirmative evidence that

trial counsel's acts and omissions were the result of informed tactical decisions. He contends that an evidentiary hearing was required by our decisions in Mu'Min v. Commonwealth, 239 Va. 433, 389 S.E.2d 886 (1990), aff'd, 500 U.S. 415 (1991), and Frye v. Commonwealth, 231 Va. 370, 345 S.E.2d 267 (1986). He also asserts that the circuit court erroneously presumed that trial counsel's actions were the result of such tactical decisions and, thus, imposed an "irrebuttable presumption" that counsel's decisions were informed tactical choices. We disagree with Friedline's arguments.

These issues arise in the context of the holdings in Strickland v. Washington, which govern the resolution of claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner ordinarily must satisfy both parts of the two-part test established in Strickland. 466 U.S. at 687; Sheikh v. Buckingham Corr. Ctr., 264 Va. 558, 564, 570 S.E.2d 785, 788 (2002); Hedrick v. Warden, 264 Va. 486, 496, 570 S.E.2d 840, 847 (2002). First, the petitioner must show that trial "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, if trial counsel's performance was deficient, the petitioner also must establish that "there is a reasonable probability that, but for counsel's unprofessional

4

errors, the result of the proceeding would have been different."
Id. at 694.

A circuit court's decision whether to hold an evidentiary hearing in a habeas corpus proceeding depends chiefly on the adequacy of the trial record.  Code § 8.01-654(B)(4) addresses this issue and provides direction for the court's determination:

> In the event the allegations of illegality of the petitioner's detention can be fully determined on the basis of recorded matters, the court may make its determination whether such writ should issue on the basis of the record.

See also Yeatts v. Murray, 249 Va. 285, 289, 455 S.E.2d 18, 21 (1995); Walker v. Mitchell, 224 Va. 568, 571, 299 S.E.2d 698, 699 (1983); Superintendent v. Barnes, 221 Va. 780, 785, 273 S.E.2d 558, 561 (1981).

The language of Code § 8.01-654(B)(4) does not require a circuit court to hold an evidentiary hearing in every case in which trial counsel has not submitted an affidavit explaining his conduct at trial.  When a trial record provides a sufficient basis to determine the merits of a habeas corpus petition, a circuit court may refuse either party's request for an evidentiary hearing.[2]  Because each trial record is different,

_____

[2] However, even when a trial record appears sufficient to permit a determination of a petition's merits, Code § 8.01-654(B)(4) does not preclude a court from holding a hearing or requiring additional evidence when the court determines that

5

such determinations are not subject to fixed rules but must proceed on a case-by-case basis.

Our decisions in Mu'Min and Frye do not support the contrary result urged by Friedline. In those cases, we decided that certain allegations of ineffective assistance of counsel, raised when former Code § 19.2-317.1 permitted such claims to be advanced on direct appeal, could not be resolved without consideration of counsel's explanations for certain decisions made at trial. See Mu'Min, 239 Va. at 452-53, 389 S.E.2d at 898; Frye, 231 Va. at 400, 345 S.E.2d at 288. These holdings were limited to the particular records before us and did not purport to require a circuit court in a habeas corpus proceeding to obtain an explanation from trial counsel before determining the merits of a petition. Moreover, the plain language of Code § 8.01-654(B)(4) would not permit imposition of such a mandatory requirement.

Friedline argues in his brief, nevertheless, that the circuit court erred in failing to require evidence from trial counsel because the trial record was inadequate to support entry of judgment in favor of the Commonwealth. This argument substantively challenges the sufficiency of the evidence in support of the circuit court's judgment. Thus, we must first

additional evidence would assist the court's resolution of the case.

6

consider the threshold issue whether Friedline's assignments of error raise a question of the sufficiency of the evidence for our consideration.

In making this determination, we initially observe that assignments of error serve several distinct and important functions.  Their chief function is to identify those errors made by a circuit court with reasonable certainty so that this Court and opposing counsel can consider the points on which an appellant seeks a reversal of a judgment.  Kirby v. Commonwealth, 264 Va. 440, 444-45, 570 S.E.2d 832, 834 (2002); Chesapeake Hosp. Auth. v. Commonwealth, 262 Va. 551, 557, 554 S.E.2d 55, 57 (2001); Yeatts, 249 Va. at 290, 455 S.E.2d at 21.

In addition, assignments of error also enable an appellee to prepare an effective brief in opposition to the granting of an appeal, to determine which portions of the trial record should be included in the parties' joint appendix, and to determine whether any cross-error should be assigned.  Id.; Harlow v. Commonwealth, 195 Va. 269, 271-72, 77 S.E.2d 851, 853 (1953).  Therefore, in presenting an assignment of error to this Court, appellant's counsel must "lay his finger on the error" in the trial record.  Kirby, 264 Va. at 445, 570 S.E.2d at 834 (quoting First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)).

In his assignments of error, Friedline has asserted that evidence from trial counsel was required because the record established "prejudicial ineffective representation." However, Friedline has not pointed in his assignments of error to any conduct by trial counsel that would constitute deficient performance under Strickland and provide this Court a basis for concluding that the circuit court erred in reaching a contrary determination. Thus, we hold that Friedline's assignments of error fail to challenge the sufficiency of the evidence in support of the circuit court's holding that trial counsel's performance was not deficient.

Under Strickland, this determination by the circuit court is sufficient to support the court's dismissal of Friedline's petition because, as stated above, a petitioner can prevail on an ineffective assistance claim only upon proving both deficient performance of trial counsel and resulting prejudice. 466 U.S. at 687. Therefore, we do not reach the issue whether the record supports the court's alternative conclusion that Friedline did not suffer any prejudice as a result of his counsel's performance. Sheikh, 264 Va. at 566-67, 570 S.E.2d at 790; Curo v. Becker, 254 Va. 486, 493, 493 S.E.2d 368, 371 (1997); see Strickland, 466 U.S. at 687.

Finally, we find no merit in Friedline's argument that the circuit court presumed that trial counsel's conduct resulted

from informed tactical decisions, which erroneously established an "irrebuttable presumption" concerning counsel's conduct. The record does not show that the circuit court applied a presumption of this nature or that the court's holdings reflect such a presumption.

For these reasons, we will affirm the circuit court's judgment.

Affirmed.

9