# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Quentin Levar Gray

v.

Gene M. Johnson,
Director

September 29, 2015

Case Nos. CL 2011-274, CR 07-465

BY JUDGE RICHARD E. MOORE

This letter is regarding the Petition for Writ of Habeas Corpus filed by Mr. Gray in March 2010 and which the Commonwealth moved to dismiss in January 2012. I am writing in response to the Commonwealth's submission of an order for entry, without the need for an evidentiary hearing, but based solely on the law and the facts and proceedings of record in this case, as well as Mr. Gray's letters of inquiry in 2012 and 2013.

Because this matter has been pending so long and because Petitioner has written the Court inquiring about the status of his Petition, I thought that I should express my decision in a letter and not just enter the order submitted.

Petitioner's claim rests solely and completely on one point. He alleges that he was told by his attorney that his sentence would be not more than seven years (and that the sentencing guidelines were in this range and not beyond this length of sentence) and that, based on this representation, he entered his guilty plea, when in fact the sentencing guidelines in his case were much higher, and he received a sentence of much higher than what he was "guaranteed" would be the maximum sentence imposed. He asserts that, were it not for this misrepresentation, he would not have entered a guilty plea, but would have gone to trial. Therefore, he argues, the sentence and conviction should be set aside based on ineffective assistance of counsel, and he should be allowed to withdraw his guilty plea and proceed to trial.

The issues presented are two-fold: (1) whether there was ineffective assistance of counsel; this is a factual question subject to evidentiary proof

and, (2) even if there was, would this likely have affected the outcome such that habeas relief is appropriate?

On the first point, no affidavit of the defense attorney or any other witness has been submitted, and no specific proffered evidence or corroboration has been set forth, other than the bare assertion that Petitioner was guaranteed the sentence would not be more than seven years and that the guidelines would be in line with this.

This, in fact, could be the subject of an evidentiary hearing, where the credibility of witnesses and the believability of testimony could be considered. However, even if it were true that, before Petitioner pleaded guilty, he was told by his counsel that his sentence would not be above seven years and that the guidelines presented to him and discussed with him were in that range, a fact conclusion the Court is certainly not willing to make based on all of the evidence proffered, including the colloquy at the guilty plea and Petitioner's testimony and allocution at the sentencing hearing, the Court cannot find that there is a reasonable likelihood that if Petitioner had not been told the sentence would be that low, but rather that the guidelines were much higher, he would have made a different decision, entered a not guilty plea and gone to trial, and would have achieved a more favorable outcome, but for such representation. So, I cannot find any prejudice from any alleged ineffective assistance.

The colloquy at the guilty plea proceeding showed that Mr. Gray entered his guilty plea freely and voluntarily, and not under compulsion. There is no basis in the evidence (transcript or file) for finding that he was not capably represented. The evidence in the case, as proffered, was strong, if not overwhelming. There is no inference of innocence or mitigation in the facts of the offense. Several charges were dropped pursuant to the guilty plea. The sentence imposed was below the midpoint of the guidelines for just three offenses (out of five original charges).

The actual sentencing guidelines had a midpoint of 17 years 3 months, with a low end of 12 years 9 months, and a high end of 20 years. While Petitioner says he was told his sentence would not be over seven years and the guidelines would not be over seven years, in the colloquy he acknowledges that there was "no agreement as to the sentence," and that he knew the sentence was up to the judge and could be up to life in prison (actually two life sentences). (Trial transcript p. 17.) This was reiterated by the Commonwealth shortly thereafter. (Tr. 22.)

He was sentenced to thirteen years, well below both the midpoint and what the Commonwealth asked for, and only slightly above the low end of the guidelines range. Two of the dropped charges had mandatory minimum sentences, of three years and two years, respectively.

I find that it is not reasonably likely that, knowing that he could face up to two life sentences, plus five to seven years in mandatory sentences,

he then would have chosen to plead not guilty even if he knew that his sentence would not necessarily be limited to seven years upon a guilty plea.

If he had pleaded not guilty, the Court finds that, in light of the evidence proffered, it is not reasonably likely, if the matter had gone to trial, that he would have been found not guilty. The Commonwealth had strong evidence on two robberies involving the use of a firearm. (Tr. 18-21.) The Court further finds that if he went to trial and was found guilty, it is not reasonably likely, given the facts of this case, his criminal record of convictions (he had two prior firearm-related juvenile adjudications from just a year or so before, and also a prior adjudication for breaking and entering), and the sentencing guidelines, that he would have received a sentence of less than what he received under the plea agreement.

Therefore, the Court cannot conclude that, even if his factual assertions are correct, and he was told and did believe that he would not receive a sentence of more than seven years, it would have made any difference or likely produced a different outcome.

Furthermore, though not addressed by the Commonwealth, the events of the sentencing hearing further raise doubts about both the credibility of Petitioner's claims and proffered evidence and the likelihood that it would have made any difference, even if true. At the sentencing hearing, Petitioner both testified and made allocution, all after he would have been given the correct sentencing guidelines. The guilty plea was in March 17, 2008; the original sentencing was set for June 17, 2008, to allow time for the preparation of a pre-sentence investigation report. The presentence report was completed May 29, 2008. The sentencing hearing was continued from June 17, 2008, to September 19, 2008, then from September to December 22, 2008, and then again to March 30, 2009. While it is not clear when the sentencing guidelines used were submitted to the Court or the defendant, and they are not in the file, such generally accompany the presentence investigation report and were probably available this entire time. No issue was raised about the sentencing guidelines not being available or not being with the PSIR. Regardless, they were referred to in the sentencing hearing. (Sent. Tr. 28-29, 70.)

In that hearing, there was no mention by counsel or the defendant (Petitioner here) of any surprise at viewing the sentencing guidelines or any protest that they are higher than he was led to believe. There was no allegation of a guarantee of a sentence below the guidelines or of any misleading or incomplete information. There was no motion to withdraw his guilty plea based on such purported misunderstanding, misrepresentation, or surprise; there was no motion to set aside the finding of guilt or to rescind the plea agreement or for a continuance to consider the new information. Specifically, the Court asked Petitioner whether there was anything else that he wanted to say, and he simply said he apologized. (Tr. p. 78.) He made the same response to his attorney at the end of his testimony. (Tr.

67.) He was asked if there was any reason why the matter should not be concluded and the Court proceed to pronounce sentence, and he said "no." (Tr. 79.) His answers and statements both at the guilty plea proceeding and the sentencing hearing are enough to deny his requested relief and dismiss the petition under *Anderson v. Warden*, 222 Va. 511, 513-17 (1981).

There was no mention in his testimony or allocution of any surprise, injustice, unfairness, deception, misleading, ineffective assistance of counsel, or prejudice. The complete lack of such, at a minimum, raises a serious question as to Petitioner's assertions. It further shows that, even if he had been told or led to expect lower guidelines, once he and his counsel knew what the actual guidelines were, it did not change his decision about his plea. He did not, at the sentencing hearing, ask to withdraw his guilty plea, and that hearing would have been the place to raise this claim or issue. Simply receiving a sentence higher than one expected ("buyer's remorse") is not a basis for setting aside a conviction and allowing one to withdraw a guilty plea and allowing a new trial.

Thus, I cannot find from the evidence in the record that the sentencing guidelines were higher than what he had been told by his counsel or that he was guaranteed or promised that his sentence would not exceed seven years, but, more importantly, even if an evidentiary hearing were merited on that point, and, even if Petitioner did have incorrect information before he entered his plea, I cannot find that this would have been a major factor in his decision or that he would have changed his plea to not guilty based on that, or that, if he had, he would have obtained a different (better) result by being found not guilty or receiving a lower sentence than what he received. I think that the evidence and human reason are totally contrary to such a conclusion. But I find that the record is sufficient for the Court to make a ruling on this point without an evidentiary hearing, in any event. *Friedline v. Commonwealth*, 265 Va. 273, 275-78 (2003). There is no substantial likelihood that, were it not for such representation (if it occurred), he would have pleaded not guilty and been found not guilty, or been found guilty and received a sentence of less than thirteen years. *See Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 691-94 (1984); *Penn v. Smyth*, 188 Va. 367, 372-374 (1948). He actually says in his Petition that he was further advised by his attorney, apart from the guidelines/guarantee issue, that, if he refused the plea offer, he would be found guilty and receive a life sentence. This would be a rational basis for a decision to plead guilty, even if he might receive more than seven years upon his guilty plea.

Therefore, I do not find that it is appropriate to grant the habeas relief requested, and I will deny the request and dismiss the habeas corpus petition for the reasons indicated, and I will enter an order submitted by the Commonwealth but revised to include the specific findings and reasoning contained in this letter.