PRESENT: All the Justices

ELDESA C. SMITH

                                           OPINION BY
v.  Record No. 141487                    JUSTICE D. ARTHUR KELSEY
                                          February 12, 2016

TAMMY BROWN, WARDEN,
VIRGINIA DEPARTMENT OF CORRECTIONS


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge


Eldesa C. Smith appeals a dismissal by the circuit court of her habeas corpus petition. The court dismissed the petition on the pleadings without receiving evidence ore tenus or by affidavit. We reverse the dismissal order, remand the case for the presentation of evidence, and direct the circuit court to reconsider the petition after making findings on disputed allegations of material facts.

I.

In 2011, pursuant to a plea agreement, Smith pleaded guilty to felony murder, in violation of Code § 18.2-33, and distribution of a Schedule I controlled substance, as an accommodation, in violation of Code § 18.2-248. Smith filed a habeas corpus petition in 2013, challenging only the felony-murder conviction and sentence.[1] Smith claimed that she had discovered the grounds for her petition only after she "researched the laws and the Felony Murder doctrine after being provided with the evidence of her co-defendant (Timothy Woodard) having been found not guilty in March 2013 by the Virginia Court of Appeals." J.A. at 71.

In particular, Smith alleged that her trial counsel failed to "investigate the evidence and research the felony-murder doctrine" and, consequently, failed to give her reasonable advice on

---

[1] See J.A. at 70 (addressing her habeas challenge only to "Case Number 11-544, Felony Murder (18.2-33), Offense Date 11/16/10").

whether to plead guilty to felony murder. Id. at 74. Smith claimed that she would not have pleaded guilty to felony murder if she had been given reasonably competent advice on the elements of the charge, particularly the res gestae factors, and any possible defenses to it.

Smith attached, as an exhibit to her petition, a letter she received from trial counsel prior to pleading guilty. The letter suggested that it summarized earlier in-person conversations.[2] The letter informed Smith that she was "charged with murder under Virginia Code Section 18.2-32" and that, as part of a proposed plea agreement, her "charge of murder would be reduced to manslaughter." Id. at 80. The letter also stated, among other things, that counsel had "explained to [Smith] the legal theories of concert of action, aiding and abetting and being an accessory before the fact." Id. The letter, however, did not make any specific mention of felony-murder principles. The letter concluded with a strong recommendation that Smith accept the proposed plea agreement.

II.

The circuit court dismissed the habeas petition without taking evidence ore tenus or by affidavit. Smith argues on appeal that the court erred by "summarily dismissing" the habeas petition solely on the pleadings. Appellant's Br. at 1; see also Oral Argument Audio at 31:50 to 32:08. We agree.

The common law power of a habeas court to go beyond the pleadings has been long settled. See generally Paul D. Halliday, Habeas Corpus: From England to Empire 110-16 (2010). In Virginia, this power is codified in three statutes. Code § 8.01-654(B)(4) authorizes the consideration of "recorded matters," including records from the prior criminal trial that resulted in the challenged conviction. Code § 8.01-657 permits the habeas court to take evidence

---

[2] See id. at 80 ("In our last office conference, I advised you that I would write you a letter recapping our recent discussions and the effort to resolve this case.").

of "unrecorded matters of fact relating to any previous judicial proceeding," which would include ore tenus testimony presented at an evidentiary hearing. Finally, Code § 8.01-660 grants the habeas court discretion to consider "affidavits of witnesses" as substantive evidence.

The first question a habeas court must ask is whether the petition can be "fully determined on the basis of recorded matters." Shaikh v. Johnson, 276 Va. 537, 549, 666 S.E.2d 325, 331 (2008) (quoting Code § 8.01-654(B)(4)). This is because the "decision whether to hold an evidentiary hearing in a habeas corpus proceeding depends chiefly on the adequacy of the trial record." Friedline v. Commonwealth, 265 Va. 273, 277, 576 S.E.2d 491, 493 (2003). "Because each trial record is different," however, "such determinations are not subject to fixed rules but must proceed on a case-by-case basis." Id. at 277, 576 S.E.2d at 494.

In many cases, habeas claims can be resolved solely on the recorded matters. See Arey v. Peyton, 209 Va. 370, 372, 164 S.E.2d 691, 693 (1968) (recognizing that a court may refuse an evidentiary hearing "[i]f the records of petitioner's criminal trials contain[] matters sufficient to refute the essential factual allegations of his habeas corpus petition"). However, when a habeas petition makes prima facie allegations that are not sufficiently resolved on this basis, a circuit court should receive additional evidence and decide any genuine issues of material fact. See Yeatts v. Murray, 249 Va. 285, 288, 455 S.E.2d 18, 20 (1995) (recognizing that if a trial record is insufficient, a habeas court may consider affidavits "where appropriate" or an evidentiary hearing if "necessary" to "produce a complete record" that will "permit an intelligent disposition of the habeas petition" (citation omitted)).[3]

---

[3] In cases in which the allegation concerns ineffective assistance of counsel, the input of trial counsel may be critical. See generally Mu'Min v. Commonwealth, 239 Va. 433, 452, 389 S.E.2d 886, 898 (1990) (acknowledging the importance of input from counsel). Typically, this evidence will be in the form of an affidavit from trial counsel explaining the relevant events. If counsel, or the respondent, elects not to provide the court with an affidavit, or the affidavit does

3

To be sure, not every claim of ineffective assistance of counsel merits the consideration of evidence outside the recorded matters and the affidavits presented to the court. The burden for obtaining an evidentiary hearing is especially high when the trial record includes the petitioner's averments when pleading guilty. See Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981). "Solemn declarations [during a plea colloquy] in open court carry a strong presumption of verity," and thus, "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "In other words, a convict may question by habeas corpus the adequacy of counsel and the voluntariness of a guilty plea *only* when he alleges and proves a valid reason why he should be permitted to disavow his prior, contrary declarations made at the trial." Anderson, 222 Va. at 516, 281 S.E.2d at 888 (emphasis in original).[4]

In this case, Smith proffered a specific and valid reason why her petition should not be summarily dismissed. The letter she received from her trial counsel stated that she was "charged with murder under Virginia Code Section 18.2-32" and that, as part of the plea agreement, this charge "would be reduced to manslaughter." J.A. at 80. In fact, she was charged with felony murder under Code § 18.2-33, not Code § 18.2-32, and, under the plea agreement, she was

_____

not sufficiently refute the petitioner's allegations, the circuit court should conduct an evidentiary hearing to resolve any material factual disputes. See Yeatts, 249 Va. at 289, 455 S.E.2d at 21.

[4] In the context of habeas claims arising out of guilty pleas, "hindsight cannot suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the trial would proceed. . . . There is a most substantial burden on the claimant to show ineffective assistance." Premo, 562 U.S. at 132. Consequently, "representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 73-74. "More often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea," because "[i]f he succeeds in vacating the judgment of conviction, retrial may be difficult." Id. at 71-72.

4

convicted of felony murder, not manslaughter. Compare id. at 2 (felony-murder indictment) with id. at 66-68 (final conviction and sentencing order).[5] The letter also stated, among other things, that counsel had "explained to [Smith] the legal theories of concert of action, aiding and abetting and being an accessory before the fact." Id. at 80. The letter says nothing, however, about felony murder or any of the res gestae factors applicable to proving that charge.

Trial counsel's letter may or may not be the sum total of the advice given to Smith concerning the plea agreement. The letter referenced their "last office conference" and suggested that the letter was merely "recapping" their "recent discussions and the effort to resolve this case." Id. However, nothing in the present record reveals what, if any, additional advice or clarifications occurred during those discussions. Nor does the record disclose whether counsel changed or clarified his advice to Smith after she received his letter but before she appeared in the trial court to ratify her consent to the plea agreement.

Under these circumstances, the court should have received additional evidence beyond the recorded matters to determine whether counsel's representation "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Fuentes v. Clarke, 290 Va. 432, 439, 777 S.E.2d 550, 553 (2015). Under this standard, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Premo v. Moore, 562 U.S. 115, 121-22 (2011) (quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)).

---

[5] The provision in Code § 18.2-32 punishing felony murder requires proof of a specific underlying felony (e.g., arson, rape, forcible sodomy, inanimate or animate object sexual penetration, robbery, burglary, or abduction). Felony murder under Code § 18.2-33, however, punishes the "killing of one accidentally, contrary to the intention of the parties, while in the prosecution of some felonious act other than those specified in §§ 18.2-31 and 18.2-32." Manslaughter, an unlawful killing without express or implied malice, is punished under Code §§ 18.2-35 (voluntary manslaughter) and 18.2-36 (involuntary manslaughter).

"The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105 (citation omitted).

To determine prejudice, if such a finding becomes necessary, the court would need to consider further whether the evidence shows a reasonable probability that, but for counsel's incompetent representation, a reasonable defendant under the circumstances "would not have pleaded guilty and would have insisted on going to trial." Premo, 562 U.S. at 131-32 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). This but-for-causation principle does not imply, much less require, that a habeas court should simply accept at face value a petitioner's after-the-fact allegation on this issue. Instead, the prejudice requirement involves a far more subtle inquiry:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Hill, 474 U.S. at 59.[6] In the end, "such an assessment of the outcome at a possible trial must be made objectively," Lewis v. Warden, 274 Va. 93, 118, 645 S.E.2d 492, 507 (2007), based solely

---

[6] The prejudice requirement applicable to challenges of guilty pleas has variations that depend on the nature of the petitioner's allegation. See, e.g., Missouri v. Frye, ___ U.S. ___, ___, 132 S. Ct. 1399, 1404 (2012) (addressing the "context of claimed ineffective assistance that led to the lapse of a prosecution offer of a plea bargain, a proposal that offered terms more

on the historic facts as they existed at the time of trial rather than from the distorting lens of hindsight. See Strickland, 466 U.S. at 690.

On both issues, deficient performance and prejudice, the petitioner bears the burden of proving her factual allegations "by a preponderance of the evidence." Sigmon v. Director of the Dep't of Corrs., 285 Va. 526, 535, 739 S.E.2d 905, 909 (2013). Following the presentation of evidence, the court should enter a final order setting out its "findings of fact and conclusions of law" as required by Code § 8.01-654(B)(5) and Rule 3A:24. These findings and conclusions should address not only the grounds asserted in support of the writ but also the scope of the writ in the event the court awards relief under Code § 8.01-662.[7]

III.

In sum, we reverse the circuit court's summary dismissal of Smith's habeas corpus petition and remand the case for further proceedings consistent with this opinion.

---

lenient than the terms of the guilty plea entered later"); Lafler v. Cooper, ___ U.S. ___, ___, 132 S. Ct. 1376, 1383 (2012) (applying the prejudice prong in the context of a "favorable plea" rejected on the advice of counsel in a case that ended in a jury trial in which the defendant "received a sentence harsher than that offered in the rejected plea bargain"); Zemene v. Clarke, 289 Va. 303, 316-17, 768 S.E.2d 684, 692 (2015) (addressing unique context of a habeas petition "alleging a violation of the principles recognized" in Padilla v. Kentucky, 559 U.S. 356 (2010)).

[7] In this case, for example, Smith concedes that if her habeas petition succeeds both "convictions" would be vacated. See Appellant's Br. at 14, 15; cf. Oral Argument Audio 5:20 to 6:28. We agree. Smith's convictions (felony murder and distribution as an accommodation) were joined in a single consolidated plea agreement. The reciprocal benefits and the burdens of a plea bargain involving multiple charges cannot be selectively picked apart. See United States v. Lewis, 138 F.3d 840, 842 (10th Cir. 1998) (recognizing a habeas court's power "to vacate an entire plea agreement when a conviction that is part of the plea package" is successfully challenged); United States v. Barnes, 83 F.3d 934, 941 (7th Cir. 1996) ("If we rule that some provision of the plea agreement is invalid, we must discard the entire agreement and require her and the government to begin their bargaining all over again. We cannot preserve one part of her bargain — the government's promise to drop [some] charges — and discard another — her promise to serve . . . sentences on [other] charges."). This conclusion rests on the premise that "Sixth Amendment remedies should be 'tailored to the injury suffered'" and "must 'neutralize the taint' of a constitutional violation" without granting "a windfall to the defendant." Lafler, ___ U.S. at ___, 132 S. Ct. at 1388-89 (citations omitted).

7

_Reversed and remanded._