RONALD DALE YEATTS

V.

EDWARD W. MURRAY, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS

Record No. 940635

March 3, 1995

Present: All the Justices

*Gerald T. Zerkin (Melanie A. Hopper; Robert Godfrey; Gerald T. Zerkin & Associates*, on briefs), for appellant.

*Robert H. Anderson, III, Assistant Attorney General (James S. Gilmore, III, Attorney General; Kathleen B. Martin, Assistant Attorney General*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

Ronald Dale Yeatts was convicted of the capital murder and robbery of Ruby Meeks Dodson in the Circuit Court of Pittsylvania County and sentenced to death. We affirmed the judgment of the circuit court in *Yeatts* v. *Commonwealth*, 242 Va. 121, 410 S.E.2d 254 (1991), *cert. denied*, 503 U.S. 946 (1992).

Yeatts filed his petition for writ of habeas corpus in the circuit court against Edward W. Murray, Director, Virginia Department of Corrections, asserting several claims of constitutional violations. Yeatts alleged, among other things, that his trial counsel were ineffective for numerous reasons. For example, Yeatts claimed that his trial counsel were ineffective by failing to: effectively challenge the Commonwealth's evidence relating to future dangerousness; obtain certain expert witnesses; contest certain expert testimony about Yeatts' mental condition; develop evidence in mitigation of the imposition of the death penalty; present an adequate closing argument and object to the Commonwealth's argument during the penalty phase of the proceedings; conduct adequate *voir dire*; properly cross-examine Yeatts' cohort in the robbery and murder of the victim; advise Yeatts to change his plea to guilty after the jury had returned the verdict; and demonstrate that juries in Virginia generally do not impose the death penalty for capital murder with a robbery predicate.

The respondent filed a motion to dismiss Yeatts' petition. The respondent's motion was supported by sworn affidavits submitted by Yeatts' trial counsel. These affidavits contained explanations for certain actions trial counsel took during Yeatts' capital murder trial. Yeatts filed a memorandum, supported by affidavits and exhibits, in opposition to the motion to dismiss. Yeatts' affidavits and exhibits were offered to rebut the explanations of his trial counsel. Yeatts also filed a motion to strike the affidavits of his trial counsel or for the entry of an order that would have permitted him to take the discovery depositions of the affiants.

The habeas court dismissed Yeatts' petition. The court held that all Yeatts' claims, except his claims of ineffective assistance of counsel, were either procedurally defaulted or had been presented at trial and on direct appeal and, therefore, were not cognizable. The court held that Yeatts' claims of ineffective assistance of counsel do not meet the standards established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).

We awarded Yeatts an appeal limited to the following issues: whether the trial court erred by denying Yeatts' motion to strike the affidavits or for discovery; and whether the trial court erred by dismissing Yeatts' petition for writ of habeas corpus without ordering an evidentiary hearing on his allegations of ineffective assistance of counsel.

Yeatts argues that the habeas court erred by considering the respondent's affidavits. Yeatts contends that the habeas court lacks the authority to consider affidavits in support of a motion to dismiss a habeas petition. The respondent, however, argues that Code § 8.01-660 permits a habeas court to consider affidavits when deciding a motion to dismiss. We agree with the respondent. Code § 8.01-660 states:

> In the discretion of the court or judge before whom the petitioner is brought, the affidavits of witnesses taken by either party, on reasonable notice to the other, may be read as evidence.

In applying this statute, we observe "that the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." *Turner* v. *Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983); *accord Wilder* v. *Attorney General*, 247 Va. 119, 124, 439 S.E.2d 398, 401 (1994); *Barr* v. *Town & Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

The clear and unambiguous language in Code § 8.01-660 leads us to the inescapable conclusion that this statute permits a habeas court to consider the affidavit of any witness as substantive evidence. This is precisely what the court below did when it considered the affidavits submitted by Yeatts and the respondent. Indeed, in *Walker* v. *Mitchell*, 224 Va. 568, 571, 299 S.E.2d 698, 699 (1983), we recognized that Code § 8.01-660 permits the use of affidavits in a habeas proceeding:

> Using affidavits where appropriate (Code § 8.01-660) or a plenary hearing when necessary (Code § 8.01-662), the parties can produce a complete record, one that will permit an intelligent disposition of the habeas petition both in the trial court and on appeal. Of course, if the record of the criminal trial is sufficient itself to show the merit or lack of merit of a habeas petition, the case may be determined upon that record alone. Code § 8.01-654(B)(4).

We also observe that Code § 8.01-660, which permits the habeas court to use affidavits when deciding a motion to dismiss, is consistent with the collateral nature of a habeas corpus proceeding. The primary avenue for review of a conviction is a direct ap-

peal. "When the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence." *Barefoot* v. *Estelle*, 463 U.S. 880, 887 (1983). The state's dual interests of insuring the criminal defendant of his right to a fair trial as required by the federal and state constitutions and the sovereign's need to punish offenders and achieve finality in judgments permit a habeas court "to minimize the burdens to all concerned through the use of affidavits or other simplifying procedures." *Murray* v. *Carrier*, 477 U.S. 478, 487 (1986).

■ Yeatts argues that "[d]ismissal of a habeas petition without a hearing is authorized *only* by § 8.01-654(B)(4)," which, he says, "clearly refers to the trial record and not to evidence which is attached to a motion to dismiss." We disagree. Code § 8.01-654(B)(4) states:

> In the event the allegations of illegality of the petitioner's detention can be fully determined on the basis of recorded matters, the court may make its determination whether such writ should issue on the basis of the record.

We reject Yeatts' attempt to place such a narrow interpretation upon this statute. Code § 8.01-654(B)(4) permits the habeas court to adjudicate a petitioner's claims based upon the trial record; it does not prohibit the use of affidavits in the habeas proceeding.

■ Yeatts also argues that the habeas court erred by failing to grant his motion to take the discovery depositions of the affiants. We disagree. A habeas petitioner is not entitled to conduct discovery depositions as a matter of right. Rule 4:1(b)(5) states in relevant part, "[N]o discovery shall be allowed in any proceeding for a writ of habeas corpus . . . without prior leave of the court, which may deny or limit discovery in any such proceeding." This rule gives the habeas court discretion to grant or deny discovery, and we find nothing in this record which suggests that the court abused that discretion.

Next, Yeatts argues that the habeas court was required to conduct a plenary hearing because "numerous allegations of ineffectiveness were raised for which no apparent explanation exists." The respondent argues, and we agree, that the habeas court properly dismissed the ineffective assistance of counsel claims without conducting an evidentiary hearing.

■ The habeas court considered the entire record of Yeatts' capital murder trial and the affidavits submitted by both litigants. The habeas court stated in its final judgment order that:

The Court also finds that the allegations of ineffective assistance of counsel . . . fail under *Strickland* v. *Washington*, 466 U.S. 668 (1984).

We hold that the habeas court did not abuse its discretion in failing to grant a plenary hearing.

■ Finally, Yeatts argues that the habeas court erred in finding that his trial counsel were not ineffective. Yeatts devotes a substantial portion of his brief to this argument. We do not consider Yeatts' contention because it is not the subject of an assignment of error.

Rule 5:17(c) states in relevant part:

Under a separate heading entitled "Assignments of Error," the petition shall list the specific errors in the rulings below upon which the appellant intends to rely. Only errors assigned in the petition for appeal will be noticed by this Court.

Litigants are required to identify with some degree of specificity the error committed by the trial court, and we have adhered to this mandatory rule with good reason:

The purpose of assignments of error is to point out the errors with reasonable certainty in order to direct this court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points. Without such assignments, appellee would be unable to prepare an effective brief in opposition to the granting of an appeal, to determine the material portions of the record to designate for printing, to assure himself of the correctness of the record while it is in the clerk's office, or to file, in civil cases, assignments of cross-error.

*Harlow* v. *Commonwealth*, 195 Va. 269, 271-72, 77 S.E.2d 851, 853 (1953).

■ Yeatts' assignment of error touching this issue merely states that the habeas court erred by dismissing the petition "without

ordering an evidentiary hearing as to his allegations of ineffective assistance of counsel." This assignment of error only challenges the alleged procedural failure to order an evidentiary hearing; it does not challenge, with reasonable certainty, the habeas court's substantive ruling on the merits of the ineffective assistance claims.

Accordingly, we will affirm the judgment of the habeas court.

*Affirmed.*