COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Clements and Senior Judge Willis
Argued at Richmond, Virginia


ASHLEY NICOLE JARRETT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1390-02-2                 JUDGE JEAN HARRISON CLEMENTS
                                                        OCTOBER 7, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Herbert C. Gill, Jr., Judge

            Edwin F. Brooks for appellant.

            William W. Muse, Senior Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellee.


        Juvenile appellant Ashley Nicole Jarrett was convicted in a bench trial of obstruction of

justice, in violation of Code § 18.2-460, and assault and battery of a police officer, in violation of

Code § 18.2-57(C).  The trial court sentenced Jarrett to commitment to the Department of Juvenile

Justice (DJJ) for an indefinite period of time.  On appeal, Jarrett contends she was denied due

process when she was not given credit for time served in juvenile detention before her commitment.

Finding no error, we affirm the trial court's judgment.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

The relevant facts in this appeal are not in dispute. Jarrett, who was born on July 13, 1986, served approximately six months in secure detention while awaiting trial in this case. At the dispositional hearing, which was held on April 25, 2002, Jarrett's attorney argued as follows:

> [W]hen a juvenile like [Jarrett] is committed[,] the time she serves for the detention[,] in this case, the six months, is not calculated in her time committed with the Department of Juvenile Justice.
>
> \* \* \* \* \* \* \*
>
> . . . This time is not counted, and it is basically dead time.
>
> [Jarrett] has essentially been detained for six months. We would ask the Court to take that into consideration in fixing the punishment.

The trial court sentenced Jarrett to commitment to DJJ for an indeterminate period not to exceed thirty-six continuous months. See Code §§ 16.1-278.8(A)(14) and 16.1-285. The trial court's sentencing order expressly provided, in relevant part, as follows:

> Credit for time served. The defendant shall be given credit for time spent in confinement while awaiting trial pursuant to Code [§] 53.1-187.

## II. ANALYSIS

It is axiomatic that the purpose of a direct appeal is to review specific errors that may have been committed by the court below. See Rule 5A:18; see also Yeatts v. Murray, 249 Va. 285, 290-91, 455 S.E.2d 18, 21-22 (1995); Rule 5:17.

In this appeal, Jarrett's sole claim of error is that the trial court "did not consider the extensive time [she] served in the Chesterfield County Juvenile Detention Home before her April 25, 2002 sentencing when it sentenced her." In support of that claim, Jarrett argues that, unlike adults and juveniles transferred to the circuit court to be tried as adults, who receive credit under Code § 53.1-187 for time served while awaiting trial, juveniles incarcerated in juvenile

detention awaiting trial in the juvenile and domestic relations district court do not receive credit for time served. DJJ does not consider time served in determining a juvenile's release date, she asserts. Thus, she argues, she was denied due process because she was not given credit for the time she served in juvenile detention before her commitment. In stating the relief she seeks, Jarrett requests only that we "reverse the sentence imposed in this case by the trial [c]ourt" and "remand the case to the [trial court] with instructions to sentence [her] with due consideration given to the time she has served in juvenile detention prior to her commitment to [DJJ]."

Upon our review of the record, we conclude that Jarrett's appeal lacks merit. The record plainly shows that, in response to Jarrett's request at the dispositional hearing that her time served be taken into account in "fixing [her] punishment," the trial court expressly directed in its commitment order that Jarrett "be given credit for time spent in confinement awaiting trial pursuant to Code [§] 53.1-187." Thus, while Code § 53.1-187 has no applicability to juveniles in Jarrett's situation and may not serve as authority for the trial court's directive, the trial court, in fact, granted Jarrett the precise relief she requested. Hence, she will not now be heard to claim the trial court erred. See Buchanan v. Commonwealth, 238 Va. 389, 400-01, 384 S.E.2d 757, 764 (1989) (holding that a defendant may not be heard to complain on appeal when the lower court took the very action requested by the defendant).

Moreover, as alluded to by Jarrett in her argument, where an indeterminate commitment to DJJ is ordered, the length of stay is determined by DJJ, not the trial court. See Code § 16.1-285. Thus, if Jarrett believes DJJ failed to credit her for time served in accordance with the trial court's order or denied her due process, her claim of error is against DJJ and direct appeal to this Court is not the appropriate method to address the claim.

Accordingly, we affirm the judgment of the trial court.

Affirmed.