COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


ANTONIO N. WOODSON

v.        Record No. 0081-03-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
FEBRUARY 10, 2004

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Andrew Kolp, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; H. Elizabeth Shaffer, Assistant Attorney General,
on brief), for appellee.


Antonio N. Woodson was convicted on his guilty plea of carnal knowledge of a

thirteen-year-old child, in violation of Code § 18.2-63.  He was sentenced to serve nine years and

eight months in prison.  On appeal, Woodson contends the trial court erred in failing to strike the

sex offender risk assessment portion of the sentencing guidelines.  Finding no error, we affirm the

trial court's judgment.

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

The relevant facts in this appeal are not in dispute.  On September 3, 2002, Woodson pled guilty to an indictment charging him with carnal knowledge of a child thirteen years of age, in violation of Code § 18.2-63.  The trial court convicted him, on his guilty plea, of that charge.  The court ordered a presentence report and set sentencing for November 13, 2002.  Prior to sentencing, Woodson filed a motion to strike the sex offender risk assessment portion of the sentencing guidelines.  He argued that consideration of his age, education, and employment status under that portion of the sentencing guidelines constituted cruel and unusual punishment under the Eighth Amendment and violated his rights to due process and equal protection under the Fourteenth Amendment.  Adjusted pursuant to the sex offender risk assessment portion of the guidelines in accordance with Woodson's age, education, and employment status, the sentencing guidelines resulted in a high-end recommendation of thirty-eight years and eight months in prison.  When not adjusted to include the sex offender risk assessment factors, the guidelines resulted in a high-end recommendation of nine years and eight months' incarceration.

At sentencing on November 13, 2002, the trial court, noting that the sentencing guidelines were voluntary, asked Woodson's attorney:  "If the guidelines were mandatory, then there would be a Constitutional issue, I suppose. . . .  [But] the mere fact, the guidelines are voluntary, doesn't that take the Constitutional issue out of it?"  Woodson's attorney responded, "I don't know the answer to that," and moments later added:

> I think they definitely are voluntary, but I think if the Court decided in the record and said on the record that the Court is sentencing him using these guidelines, and if the Court would go above the high end, the unadjusted high end of nine years eight months, then I think it would come into play . . . .

\*       \*       \*       \*       \*       \*       \*

. . . I don't believe the Court should take into consideration those factors, and I'd ask the Court only to consider the range from three years to nine years eight months, the unadjusted high end.

The trial court overruled Woodson's motion and initially sentenced Woodson to a term of forty years' imprisonment, with twenty years suspended. On December 17, 2002, however, the trial court, having been advised that the maximum statutory punishment for a Class 4 felony was ten years' incarceration, resentenced Woodson to nine years and eight months in prison.

## II. ANALYSIS

It is axiomatic that the purpose of a direct appeal is to review specific errors that may have been committed by the trial court below. See Rule 5A:18; see also Yeatts v. Murray, 249 Va. 285, 290-91, 455 S.E.2d 18, 21-22 (1995); Rule 5:17.

In this appeal, Woodson's sole claim of error is that the trial court should not have considered the sex offender risk assessment factors in determining Woodson's sentence. Upon our review of the record, we conclude that Woodson's appeal lacks merit.

The record plainly shows that Woodson asked the trial court to sentence him in accordance with the unadjusted guidelines, which had a high-end recommendation of nine years and eight months. Indeed, Woodson's attorney told the trial court that his constitutional arguments would "come into play" only if the trial court chose to sentence Woodson "above the . . . unadjusted high end of nine years eight months." The record also shows that the trial court did not ultimately impose more than the unadjusted maximum recommended sentence of nine years and eight months. In other words, the trial court granted the precise relief Woodson requested. Hence, he will not now be heard to claim the trial court erred. See Buchanan v. Commonwealth, 238 Va. 389, 400-01, 384 S.E.2d 757, 764 (1989) (holding that a defendant may not be heard to complain on appeal when the lower court took the very action requested by the defendant); see also Fisher v. Commonwealth, 235 Va. 403, 417, 374 S.E.2d 46, 54 (1988) ("No litigant, even a defendant in a criminal case, will be

permitted to approbate and reprobate—to invite error . . . and then to take advantage of the situation created by his own wrong.").

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>