UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner


THOMAS RICHARD WARD

                                                    MEMORANDUM OPINION*
v.      Record No. 0708-17-4                              PER CURIAM
                                                      DECEMBER 19, 2017
KIMBERLYN MARAVET BAIG-WARD


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Robert J. Smith, Judge

            (Samuel A. Leven; The Baldwin Law Firm, LLC, on briefs), for
            appellant.

            (Augusta L. Meacham; Mullet Dove Meacham Bradley, PLLC, on
            brief), for appellee.


        Thomas Richard Ward (husband) appeals a protective order entered in favor of Kimberlyn

Maravet Baig-Ward (wife) and the parties' children. Husband argues that the trial court erred by

(1) entering a protective order and finding that the evidence was sufficient to prove that family

abuse occurred; (2) finding that the "entry of a protective order was proper," especially "[i]n light of

the evidence presented;" (3) entering a protective order and making "unreasonable determinations

of credibility;" (4) extending the protective order to cover the parties' children; (5) "granting

temporary custody to the mother and limited, supervised or Skype visitation to the father, as the

Court failed to find that such arrangement was in the best interest of the children and failed to

consider the statutory factors, in violation of Virginia Code §§ 20-124.2 and -124.3;" (6) finding

that the evidence was sufficient "to support a finding that granting temporary custody to the mother

and limited, supervised or Skype visitation to the father was in the best interests of the children;"

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(7) issuing the protective order "for two years instead of a lesser time period;" and (8) granting "exclusive use and possession of the marital residence to the appellee despite the residence being owned in the appellant's sole name and being the appellant's separate property." Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Husband and wife married in 2010 and have two minor children. On October 25, 2016, wife and her neighbor were at the parties' home when wife heard her oldest child "screaming and crying." Wife ran up the stairs and saw husband pulling the child "by his hoodie." The child was "gasping and choking and crying." Wife begged husband to stop. Husband dragged the child for approximately ten feet before he let go.

On December 19, 2016, husband announced that he was firing the nanny and cancelling the expected au pair. Wife was an M.D. Ph.D. student and worked as a research specialist at Johns Hopkins. They previously had agreed to the childcare arrangement. On December 19, husband closed the door to the bathroom, where wife was getting ready for work, and told her that she was going to have to accept the change. He would not let her leave the bathroom, and they argued about childcare. Wife described husband as being "incredibly angry." He eventually left the house. Later that same day, husband came back to the house as wife was getting ready to leave. Wife stated that husband was "visibly very angry." He asked her where she was going, and she said that she and the children were not staying at the house that night. Husband closed the door and locked it. He pushed her away from the door. Wife again said that she was leaving and reached for the doorknob. Husband grabbed her wrist, twisted it, and shoved her away from the door. He told her to stay in the house while he went to get the children at the neighbor's house.

- 2 -

Wife texted the neighbor and forewarned her about husband coming to the house. Wife reached the neighbor's house just before husband. Wife tried to close the neighbor's door, while husband grabbed her wrist. Wife threw her weight against the door and closed it. The neighbor called the police. Husband went to the front bay window and banged on the glass. He screamed the children's names. The children were in the house and were "crying and cowering," according to wife. Wife testified that she was scared.

Officer D.S. Kim responded to the call of a domestic dispute and spoke with all of the parties involved. Kim testified that wife did not report any physical violence, but said that she and husband had been arguing all day. Kim did not see any injuries on wife. Kim did not arrest husband.

Wife testified that another incident occurred on December 21, 2016, which was their youngest child's birthday. Husband asked wife to come to the house with the children. She refused, but when he said that the neighbor and her niece could come as well, all of them went to the house. Husband became upset when he learned that wife and the children planned to go on a previously scheduled trip to Texas. Husband told wife that she could not go or "there will be consequences." Wife testified that because of husband's behavior, she "was frightened for [her] life and more importantly, for the kids." Wife and the children went to Texas for approximately a week, and when they returned, wife filed the petition for a protective order and custody.

On January 18, 2017, the Fairfax County Juvenile and Domestic Relations District Court (the JDR court) issued a one-year protective order. In addition to other requirements and restrictions, the JDR court granted temporary custody of the children to wife and granted supervised visitation to husband. Husband appealed to the circuit court.

On April 6, 2017, the parties presented evidence and argument. At the conclusion of wife's evidence, husband made a motion to strike, which the trial court denied. Husband

testified and denied engaging in any physical violence on December 19, 2016. He explained that on October 25, 2016, the child had fallen, and husband had caught the child to prevent him from being injured. After hearing all of the evidence and argument, the trial court granted wife's petition and entered a two-year protective order. The trial court granted temporary custody of the children to wife, and ordered father to have weekly supervised visitation. It also allowed father to have communication with the children through Skype. The trial court further awarded possession of the marital residence to wife. This appeal followed.

ANALYSIS

When reviewing a circuit court's decision on appeal, "we review the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to discard the evidence of appellant which conflicts, either directly or inferentially, with the evidence presented by appellee at trial." Brandau v. Brandau, 52 Va. App. 632, 635, 666 S.E.2d 532, 534 (2008) (citation omitted).

*Assignments of error 1, 2, and 3*

In the first three assignments of error, husband argues that the trial court erred in issuing the protective order.

"The judge's authority to issue the protective order derived from Code §§ 16.1-278.14 and 16.1-279.1." Goodwin v. Commonwealth, 23 Va. App. 475, 480, 477 S.E.2d 781, 783 (1996). In pertinent part, Code § 16.1-279.1(A) states, "In cases of family abuse, . . . the court may issue a protective order to protect the health and safety of the petitioner and family or household members of the petitioner." "'Family abuse' means any act involving violence, force, or threat that results in bodily injury or places one in reasonable apprehension of death, sexual

- 4 -

assault, or bodily injury and that is committed by a person against such person's family or household member." Code § 16.1-228.

Husband contends there was no evidence of any acts causing "bodily injury" or "a reasonable apprehension of death, sexual assault, or bodily injury." He asserts that wife's only allegations of bodily injury were to her wrists. He notes that wife said the first incident of him grabbing her wrist occurred when she reached past him for the doorknob. He argues that no evidence was presented to show that "he was doing any[thing] more than instinctively reacting to her moving her hand towards him . . . ." However, the evidence proved that he was blocking the door and not allowing wife to leave. Wife also testified that husband pushed her away from the door, grabbed her wrist, and twisted it.

Next, husband asserts that he grabbed wife's wrist the second time because he was reacting "to having a door slammed onto him and . . . reaching for anything to hold onto." However, the evidence proved that husband was pushing his way into the neighbor's house and grabbed wife's wrist as she was trying to close the door.

Furthermore, wife testified several times that she was scared and afraid. She said that husband was angry. He was yelling and banging on the window. He threatened her and told her that there would be "consequences" if she went on her previously planned trip with the children to Texas.

Husband argues that wife's testimony and the neighbor's testimony were not credible, but the trial court disagreed. After hearing all of the evidence and argument, the trial court stated, "Having had the opportunity to observe the appearance and demeanor of the witnesses on the stand, as all finders of fact do, I find the more credible version to be Mrs. Ward's version." "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be

given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

The trial court accepted wife's testimony. Contrary to husband's arguments, the evidence supports the trial court's ruling in support of the protective order. Wife testified about the events, her injuries, and her fear of husband. The trial court did not err in entering the protective order.

*Assignments 4, 5, and 6*

In the fourth, fifth, and sixth assignments of error, husband argues that the trial court erred in its rulings concerning the children. He contends the trial court should not have extended the protective order to cover the children. He also asserts that the trial court erred by awarding temporary custody to wife and supervised visitation to him. He further argues that the trial court did not consider the statutory factors in Code §§ 20-124.2 and -124.3.

Wife argues that husband did not preserve for appeal his arguments in the fourth, fifth, and sixth assignments of error. She contends he is raising these arguments for the first time on appeal in contravention to Rule 5A:18.

Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

In a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id. at 515,

404 S.E.2d at 738. Husband did not endorse the final order, nor did he file any post-trial motions. During closing arguments, he asked the trial court to dismiss wife's petition for the protective order and allow them to "deal with custody and divorce in that proceeding."

The purpose of assignments of error is to "point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points." Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995)). An appellant must "lay his finger on the error." Id.

Rule 5A:20(c) states that appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." For his fourth and fifth assignments of error, appellant cited pages from a witness' testimony, who said that husband was "a very loving father." For his fourth, fifth, and sixth assignments of error, husband cited a page of his closing argument when he said there had been "four months of time where no one has seen him with his children, other than the individual from Stronger Together." He proceeded to summarize his witnesses' testimony who described him as a good father. Husband did not "lay his finger on the error." Carroll, 280 Va. at 649, 701 S.E.2d at 418.

This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

In his reply brief, husband asks this Court to consider his arguments pursuant to the ends of justice exception. "In order to avail oneself of the exception, a *defendant must affirmatively*

*show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added).

Husband has not shown that a miscarriage of justice occurred when the trial court extended the protective order to cover the children and awarded temporary custody of the children to wife and supervised visitation to husband. Code § 16.1-279.1(A)(2) states that when a court issues a protective order, it may impose certain restrictions on a respondent, including "[p]rohibiting such contacts by the respondent with the petitioner or family or household members of the petitioner as the court deems necessary for the health or safety of such persons." Code § 16.1-279.1(A)(9) states that a trial court may include "[a]ny other relief necessary for the protection of the petitioner and family or household members of the petitioner, including a provision for temporary custody or visitation of a minor child." Code § 16.1-279.1 does not require a trial court to consider the factors in Code §§ 20-124.2 and -124.3.

The trial court had the statutory authority to include the rulings regarding the children. The trial court stated that the incident from October 25, 2016, when husband was dragging the oldest child by his hoodie, was "enough" to prove that he was a danger to the children. Furthermore, there was evidence that the children were present when husband was banging on the neighbor's window, and wife testified that the children were crying and cowering in the house. As noted above, the evidence was sufficient to grant the protective order. There was no miscarriage of justice, and the ends of justice exception does not apply.

Therefore, we will not consider husband's fourth, fifth, and sixth assignments of error.

### Assignment of error 7

Husband argues that the trial court erred by issuing the protective order for two years. Code § 16.1-279.1(B) states, "The protective order may be issued for a specified period of time

up to a maximum of two years." Husband contends a two-year protective order was not "necessary," especially since divorce proceedings had begun. However, as husband acknowledges, it is within the trial court's discretion to decide how long to issue the protective order. Based on the record, the trial court did not abuse its discretion in issuing the protective order for two years.

## Assignment of error #8

Husband argues that the trial court erred by granting exclusive use and possession of the marital residence to wife. Husband explains that he is the sole owner of the marital residence, and the order has left him homeless. The parties signed a prenuptial agreement stating that the house, which belonged to husband prior to the marriage, would be his property after the divorce.

Code § 16.1-279.1(A)(3) states that when issuing a protective order, a trial court may "[g]rant[] the petitioner possession of the residence occupied by the parties to the exclusion of the respondent; however, no such grant of possession shall affect title to any real or personal property." As husband acknowledges, it is within the trial court's discretion to decide whether to grant wife exclusive use and possession of the marital residence. Based on the record, the trial court did not abuse its discretion in granting wife the exclusive use and possession of the home.

## Attorney's fees and costs

Both parties have requested an award of attorney's fees and costs incurred on appeal. On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal. Rule 5A:30.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.