COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Frank

UNPUBLISHED

DAVID J. SONICH

v.      Record No. 0780-19-4

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 17, 2019

INTERNATIONAL BUSINESS AND
 LIBERTY INSURANCE CORPORATION

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(David J. Sonich, on brief), *pro se*.

(Patricia C. Arrighi; PennStuart, on brief), for appellees.


David J. Sonich ("claimant") appeals a decision of the Workers' Compensation

Commission denying his request for medical treatment after it concluded that his neck injury was

not a compensable consequence of his workplace accident on December 6, 1985. International

Business and Liberty Insurance Corporation ("employer") have moved to dismiss claimant's

appeal because it asserts that his opening brief fails to comply with the Rules of Court. On the

merits, employer argues that claimant failed to present medical evidence proving that his neck

injury was a compensable consequence of his original workplace injury. We summarily affirm

the Commission's decision based on claimant's noncompliance with the Rules of Court.[1]

On June 26, 2019, claimant filed a three-page letter with this Court which he entitled

"Virginia Appeal Brief, Injury History." On June 28, 2019, the Court informed claimant that his

opening brief failed to comply with the Rules of Court in several respects and directed him to file

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because we summarily affirm the Commission's decision, we need not address
employer's motion to dismiss.

a compliant, amended opening brief within ten days.  On July 8, appellant sent a second "letter" stating:

> I believe the WC erred in their decision.
>
> My arm, shoulder and hand were covered, but not my neck.
>
> All these injuries were sustained at the same time.
>
> All clearly point to a WC injury.
>
> All Doctors reports were entered into evidence to the WCC.
>
> Oct. 15, 2018, pages 333-336
>
> Dec. 12, 2018 pages 345-350
>
> Dec. 21,2018 pages 353-354
>
> Feb. 04, 2019 pages 912-919
>
> April 15, 2019, funding issues, not relevant, page 933
>
> Everything was included in WC records.
>
> My last report from Dr. Seal I sent to you was not included in WC reports.
>
> It did mi[m]ic the original statement he gave me that I sent into the WCC.
>
> In summary,
>
> The WC commission found for my hand, arm and shoulder injury to be covered, yet my neck whiplash just a few inches away was denied.
>
> As these injuries all occurred at the same time, I believe my neck injury should be covered also.
>
> Thank You

To date, claimant has not filed any further amendments to his opening brief.

Claimant has failed to cure the deficiencies in his opening brief.  Rule 5A:20(c) requires that the opening brief include "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each

assignment of error was preserved in the trial court." Even assuming that the opening brief assigned error to the Commission's rulings, it does not state where in the record the issues in the assignments of error were preserved for appeal, as required by Rule 5A:20(c), or the governing standard of review for each assignment of error, as required by Rule 5A:20(e).

The purpose of assignments of error is to "point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points." Carroll v. Commonwealth, 280 Va. 641, 649 (2010) (quoting Yeatts v. Murray, 249 Va. 285, 290 (1995)). An appellant must "lay his finger on the error." Id. Claimant failed to do so.

In addition, although the original opening brief contains a factual history, it does not include a "statement of facts" that complies with Rule 5A:20(d). It does not contain a separate statement of facts that relates to each assignment of error or refer to the pages in the transcript, appendix, written statement of facts, or record where these facts were established.

The opening brief does not comply with Rule 5A:20(e), which mandates that the opening brief include "the argument (including principles of law and authorities) relating to each assignment of error." The opening brief does not include an argument section "relating to each assignment of error."

"Unsupported assertions of error do not merit appellate consideration." Fadness v. Fadness, 52 Va. App. 833, 850 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734 (2008)). "If an appellant believes that the [C]ommission erred, it is incumbent upon him 'to present that error to us with legal authority to support [his] contention.'" Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 708 (2012) (quoting Fadness, 52 Va. App. at 851). "[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West v. West, 59 Va. App. 225, 235

(2011) (quoting <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56 (1992)).  "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'"  <u>Burke v. Catawba Hosp.</u>, 59 Va. App. 828, 838 (2012) (quoting <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)).

"[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, the Court of Appeals may . . . treat a[n assignment of error] as waived."  <u>Atkins v. Commonwealth</u>, 57 Va. App. 2, 20 (2010) (quoting <u>Parks v. Parks</u>, 52 Va. App. 663, 664 (2008)).  A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel."  <u>Townes v. Commonwealth</u>, 234 Va. 307, 319 (1987); <u>see also</u> <u>Francis v. Francis</u>, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court.").  Here, we find that claimant's failure to comply with Rule 5A:20 is significant.  <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520 (2008).  Claimant was provided with an opportunity to cure the defects in his opening briefs and failed to do so.

Accordingly, we summarily affirm the Commission's decision.  <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>