COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Athey and Senior Judge Clements

UNPUBLISHED

HAMID TABIBI

v.      Record No. 0991-19-1

WESTMINSTER-CANTERBURY ON
  CHESAPEAKE BAY AND EASTERN ALLIANCE
  INSURANCE COMPANY

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 8, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Hamid Tabibi, on brief), *pro se*.

(Adam S. Rafal; W. Thomas Chappell; Vandeventer Black LLP, on
brief), for appellees.

Hamid Tabibi ("claimant") appeals a decision of the Workers' Compensation

Commission finding that he failed to prove compensable injuries by accident on January 5, 2018,

or on March 2, 2018.[1]  We summarily affirm the Commission's decision based on claimant's

noncompliance with the Rules of Court.

On July 26, 2019, claimant filed a letter with this Court stating:

> I am writing this letter in reference [] to the letter dated July 18,
> 2019, record No. 0991-19-1 to appeal your decision of denying my
> injury claim.
>
> I disagree with the medical report that the Westminster Canterbury
> physician prepared.  It didn't show the real health issue I am
> experiencing every day due to the work injury.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commission addressed both claims in its opinion.  See Tabibi v.
Westminster-Canterbury on Chesapeake Bay, et al., JCN Nos. VA00001421232 and
VA00001441429 (VA Wrk. Comp. May 9, 2019).

Please review the medical report that I attached to this letter, it is from Beach Health Clinic . . . . It clearly shows that the physical pain and trauma I go through every day is due to the injury that occurred at work.

On August 21, 2019, the Court informed claimant that his opening brief failed to comply with the Rules of Court in several respects and directed him to file a compliant, amended opening brief within ten days. On August 30, 2019, claimant filed a letter with the Court stating that he had worked at Westminster Canterbury from March 9, 1998 through July 8, 2018, and enclosed pictures and medical records. Claimant stated that the pictures depicted the site of his fall and noted that he had suffered pain in his neck, shoulder, and arm since the fall. The letter made no reference to the Commission's ruling. On September 17, 2019, appellant filed the letter and attachments with the Court again, but on this occasion, included a certificate of service.

Claimant has failed to cure the deficiencies in his opening brief. Rule 5A:20(c) requires that the opening brief include "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Even assuming that the opening brief assigned error to the Commission's rulings, it does not state where in the record the issues in the assignments of error were preserved for appeal, as required by Rule 5A:20(c), or the governing standard of review for each assignment of error, as required by Rule 5A:20(e).

The purpose of assignments of error is to "point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points." Carroll v. Commonwealth, 280 Va. 641, 649 (2010) (quoting Yeatts v. Murray, 249 Va. 285, 290 (1995)). An appellant must "lay his finger on the error." Id. Claimant failed to do so.

In addition, the original opening brief does not include a "statement of facts" that complies with Rule 5A:20(d). It does not contain a separate statement of facts that relates to

each assignment of error or refer to the pages in the transcript, appendix, written statement of facts, or record where these facts were established.

The opening brief does not comply with Rule 5A:20(e), which mandates that the opening brief include "the argument (including principles of law and authorities) relating to each assignment of error." The opening brief does not include an argument section "relating to each assignment of error."

"Unsupported assertions of error do not merit appellate consideration." Fadness v. Fadness, 52 Va. App. 833, 850 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734 (2008)). "If an appellant believes that the [C]ommission erred, it is incumbent upon him 'to present that error to us with legal authority to support [his] contention.'" Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 708 (2012) (quoting Fadness, 52 Va. App. at 851). "[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West v. West, 59 Va. App. 225, 235 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012) (quoting Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)).

"[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, the Court of Appeals may . . . treat a[n assignment of error] as waived." Atkins v. Commonwealth, 57 Va. App. 2, 20 (2010) (quoting Parks v. Parks, 52 Va. App. 663, 664 (2008)). A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319 (1987); see also Francis v. Francis, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court."). Here, we find that claimant's failure to comply with Rule 5A:20 is

significant.  <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520 (2008).  Claimant was provided with an opportunity to cure the defects in his opening brief and failed to do so.

Accordingly, we summarily affirm the Commission's decision.  <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>