UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Frank

LISA BREWER

v.       Record No. 1512-18-4

SPRINGFIELD TOYOTA AND
  VADA GROUP SELF-INSURANCE ASSOCIATION

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 4, 2020

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Lisa Brewer, on brief), *pro se*.

(Frederick T. Schubert, II; Pietro F. Sanitate; Midkiff, Muncie &
Ross, P.C., on brief), for appellees.

Lisa Brewer ("claimant") appeals a decision of the Workers' Compensation Commission

finding that she did not suffer a compensable injury to her left knee and right shoulder in a

December 11, 2016 workplace accident, and finding further that she did not suffer a

compensable injury to her left knee, right foot, shoulder blades, and lower back in a January 21,

2017 workplace accident.[1]  We summarily affirm the Commission's decision based on

claimant's significant noncompliance with the Rules of Court and our show cause order.

On September 16, 2019, claimant filed her opening brief, but did not file an appendix.

On October 9, 2019, the Court issued an order directing claimant to show cause by October 24,

2019, why her appeal should not be dismissed for failure to file an appendix as required by Rule

5A:25.  The order also directed claimant to file by that time an amended opening brief in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commission's decision appears at Brewer v. Springfield Toyota, et al., JCN Nos.
VA00001285032 and VA00001292599 (VA Wrk. Comp. July 31, 2018).

compliance with Rules 5A:4, 5A:19, 5A:20, and 5A:24. In addition to the order, the Court sent claimant a letter on October 9, 2019, informing her that her opening brief failed to comply with Rule 5:4(b); Rule 5A:24(a); Rule 5A:4(d); Rule 5A:20(c); Rule 5A:20(d); Rule 5A:20(e); and Rule 5A:20(h). The letter directed claimant to submit an amended opening brief that complied with these rules along with her response to the show cause order.

Claimant sought an extension of the October 24, 2019 deadline, and on November 19, 2019, the Court granted claimant's request, extending the deadline to file an amended opening brief and appendix to December 10, 2019. Claimant filed neither an amended opening brief nor an appendix by the new deadline. Instead, on December 13, 2019, claimant filed a letter with the Court citing financial hardship and asking that the entire record be considered her appendix and requesting that the Court "take action based on what [she] ha[d] [already] filed." In that letter, she also stated that she had "no way of refiling the Opening Brief to directly reference particular aspects of the complete record," and asked that we "utilize the complete record and [her] prior pleadings and the [original] Opening Brief as well as the pleadings to the Virginia Workers' Compensation Commission as [her] complete filing."

Rule 5A:20(c) states that an opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Although claimant's opening brief contains sections entitled "assignments of error," she does not refer to the record or appendix to show where her arguments were preserved. The purpose of assignments of error is to "point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points." Carroll v. Commonwealth, 280 Va. 641, 649

(2010) (quoting <u>Yeatts v. Murray</u>, 249 Va. 285, 290 (1995)).  An appellant must "lay h[er] finger on the error."  <u>Id.</u>  Claimant failed to do so.

Claimant also failed to comply with Rule 5A:20(d), which requires an opening brief to contain a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix."  Claimant's opening brief does not contain a statement of facts, and when it does make factual references, it does not specify where in the record or appendix those facts are found.

In addition, claimant failed to comply with Rule 5A:20(e), which requires that an appellant's opening brief contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."  Claimant's opening brief fails to cite the standard of review and does not include an argument section "relating to each assignment of error" that is supported by legal authorities.  "Unsupported assertions of error do not merit appellate consideration."  <u>Fadness v. Fadness</u>, 52 Va. App. 833, 850 (2008) (quoting <u>Jones v. Commonwealth</u>, 51 Va. App. 730, 734 (2008)).  "If an appellant believes that the [C]ommission erred, it is incumbent upon [her] 'to present that error to us with legal authority to support [her] contention.'"  <u>Ceres Marine Terminals v. Armstrong</u>, 59 Va. App. 694, 708 (2012) (quoting <u>Fadness</u>, 52 Va. App. at 851).

Furthermore, claimant failed to file an appendix.  "The appendix is a tool vital to the function of the appellate process in Virginia. . . .  By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice."  <u>Patterson v. City of Richmond</u>, 39 Va. App. 706, 717 (2003) (quoting <u>Thrasher v. Burlage</u>, 219 Va. 1007, 1009-10 (1979) (*per curiam*)).  "Thus, the filing of an appendix that complies with the Rules, is 'essential to an informed collegiate decision.'"  <u>Id.</u> (quoting <u>Thrasher</u>, 219 Va. at 1010).

"[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West v. West, 59 Va. App. 225, 235 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)). "Nor is it the Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012) (quoting Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591 (1999).

Claimant was provided with an opportunity to cure the defects in her opening brief and failed to do so. We find that claimant's failure to comply with Rules 5A:20 and 5A:25 is significant, so we will not consider her arguments. See Fadness, 52 Va. App. at 851 ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664 (2008). Accordingly, we dispense with oral argument and summarily affirm the Commission's decision. See Code § 17.1-403; Rule 5A:27.

Affirmed.

- 4 -