COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Frank

ANANDA K. MURTHY

v.      Record No. 1338-20-2

FRITO LAY, INC. AND INDEMNITY INSURANCE
 COMPANY OF N. AMERICA (INA INS)

MEMORANDUM OPINION*
PER CURIAM
AUGUST 31, 2021

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Ananda K. Murthy), *pro se*.

(Dale W. Webb; Audra M. Marcum; Frankl Miller, Webb & Moyers,
on brief), for appellees.

Ananda K. Murthy (hereinafter "claimant") appeals an October 29, 2020 decision of the

Workers' Compensation Commission ("the Commission"), affirming the deputy commissioner's

opinion that claimant's current allergy symptoms are not causally connected to his July 22, 2017

workplace accident and denying his request for medical treatment from Arvind Madaan, M.D.

Although claimant appeals the Commission's decision, he does not seek reversal of its ruling.

Instead, claimant asks that this Court order appellees to pay him $2,000,0000.  He also seeks

relief in the form of punitive damages.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Claimant's amended opening brief[1] includes a section entitled "Assignments of Error," but he does not assign error to any ruling by the Commission.[2]  Because claimant does not challenge the Commission's ruling, there is nothing for this Court to review on appeal.  See Williams v. Commonwealth, 57 Va. App. 341, 347 (2010).  Accordingly, he has waived the arguments presented in the assignments of error.  Id.; see also Rule 5A:18.

Further, even assuming that the assignments of error challenge the Commission's decision, claimant's opening brief fails to state where in the record he preserved the arguments presented in the assignments of error.  Rule 5A:20(c) states that an opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."  The purpose of assignments of error is to "point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points."  Carroll v. Commonwealth, 280 Va. 641, 649 (2010) (quoting Yeatts v. Murray, 249 Va. 285, 290 (1995)).  An appellant must "lay his finger on the error."  Id.  Claimant failed to do so.

---

[1] On May 26, 2021, claimant filed a combined opening brief and appendix.  On July 14, 2021, the Clerk's office notified claimant that his opening brief did not comply with Rules 5A:4 and 5A:20 and directed him to file an amended opening brief.  Claimant timely filed an amended opening brief on July 26, 2021.

[2] Rather than challenging the Commission's decision, claimant's assignments of error aver that his credit was damaged due to employer's tardiness or failure to pay medical bills.  He also denies that he received treatment from Dr. Madaan and suggests that Dr. Madaan has committed medical malpractice.  In his reply brief, claimant asks that this Court have employer "elaborate" on the treatment administered by Dr. Madaan.  We note that the Commission's opinion states that employer agreed to pay Dr. Madaan's bill in connection with claimant's March 4, 2019 independent medical examination.  The Commission's opinion notes further that, despite Dr. Madaan issuing a $75 bill for a missed appointment on April 15, 2019, employer and claimant denied any knowledge of the April 15, 2019 appointment.  The Commission's opinion does not address employer's responsibility for the bill relating to the alleged April 15, 2019 appointment.

Claimant also failed to comply with Rule 5A:20(d), which requires an opening brief to contain a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Although claimant's opening brief contains a section entitled "Statement of Facts," the section does not recite "the facts that relate to the assignments of error." To the extent that the statement of facts includes factual references, it does not specify where in the record or appendix those facts are found. Instead, it refers only to an attachment appended to the amended opening brief.

In addition, claimant failed to comply with Rule 5A:20(e), which requires that an appellant's opening brief contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Claimant's opening brief fails to cite the standard of review and does not include an argument section "relating to each assignment of error" that is supported by legal authorities. "Unsupported assertions of error do not merit appellate consideration." Fadness v. Fadness, 52 Va. App. 833, 850 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734 (2008)). "If an appellant believes that the [C]ommission erred, it is incumbent upon him 'to present that error to us with legal authority to support [his] contention.'" Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 708 (2012) (quoting Fadness, 52 Va. App. at 851).

Claimant also failed to comply with Rule 5A:25. Although claimant included an appendix with his amended opening brief, it is incomplete. Rule 5A:25(c) states that an appendix shall include the following:

> (1) The basic initial pleading (as finally amended);
>
> (2) The judgment appealed from, and any memorandum or opinion relating thereto;

(3) Any testimony and other incidents of the case germane to the assignments of error;

(4) The title (but not the caption) of each paper contained in the appendix, and its filing date;

(5) The names of witnesses printed at the beginning of excerpts from their testimony and at the top of each page thereof; and

(6) Exhibits necessary for an understanding of the case that can reasonably be reproduced.

Here, claimant's appendix does not include claimant's request for review or the parties' written statements to the Commission, thereby preventing us from determining what issues were preserved for appeal. "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Patterson v. City of Richmond, 39 Va. App. 706, 717 (2003) (quoting Thrasher v. Burlage, 219 Va. 1007, 1009-10 (1979) (*per curiam*)). "Thus, the filing of an appendix that complies with the Rules, is 'essential to an informed collegiate decision.'" Id. (quoting Thrasher, 219 Va. at 1010). Without a complete appendix, we are unable to engage in a meaningful review of claimant's assignments of error.

"[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West v. West, 59 Va. App. 225, 235 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)). "Nor is it the Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012) (quoting Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591 (1999).

- 4 -

Claimant was provided an opportunity to cure the defects in his opening brief and failed to do so.  We find that claimant's failure to comply with Rules 5A:20 and 5A:25 is significant, so we will not consider his arguments.  See Fadness, 52 Va. App. at 851 ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664 (2008); Jay v. Commonwealth, 275 Va. 510, 520 (2008).  Accordingly, we dispense with oral argument and summarily affirm the Commission's decision.  See Code § 17.1-403; Rule 5A:27.

Affirmed.